DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Lawrence County Common Pleas Court summary judgment in favor of Nanette Walsh, defendant below and appellee herein. David Walsh, plaintiff below and appellant herein, raises the following assignment of error for review:
 "THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANT-APPELLANT [SIC], NANETTE WALSH."
 {¶ 2} In 2002, appellant filed for divorce from appellee. Appellee subsequently obtained a Civil Protection Order (CPO) against appellant. Subsequently, appellee *Page 2 
reported alleged violations of the CPO and the State of Ohio filed criminal charges against appellant. In each instance, the trial court found appellant not guilty of violating the CPO.
 {¶ 3} On January 9, 2006, appellant filed a complaint against appellee for abuse of process. Appellant alleged that appellee's reported violations of the CPO constituted an abuse of the judicial system, which she used "as a tool to cause delay and obtain strategic advantages in the divorce proceedings."
 {¶ 4} Appellee filed a summary judgment motion and attached an affidavit stating that she sought the CPO to ensure her safety and that "her only interest in reporting the violations were to insure her safety." In his memorandum in opposition to appellee's summary judgment motion, appellant asserted that his deposition "reveals that the CPO and the arrests that followed were part of a systematic plan by [appellee] to annoy, harass, and embarrass him." Appellant's deposition, however, does not appear in the trial court record and does not appear to have been filed by either party. He alleged that appellee's ulterior motive "was to force [appellant] to capitulate to her demands in the divorce case and to create prejudicial delay."
 {¶ 5} The trial court entered summary judgment in appellee's favor. The court determined that appellant failed to produce any evidence that appellee attempted to pervert the legal proceeding in order to accomplish an ulterior purpose. The court observed that appellee attested that she sought the CPO and reported the alleged violations to ensure her safety and that appellant presented no contrary evidence. This appeal followed.
 {¶ 6} In his sole assignment of error, appellant asserts that the trial court erred by granting appellee summary judgment on his abuse of process claim. He argues that *Page 3 
genuine issues of material fact remain regarding whether appellee's actions caused unnecessary delay in the divorce proceedings and were taken with the purpose to obtain an unfair advantage. As he did during the trial court proceedings, he relies upon his unfiled deposition to create a genuine issue of material fact.
 {¶ 7} Appellate courts review trial court summary judgment decisions de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105,671 N.E.2d 241. Accordingly, appellate courts must independently review the record to determine if summary judgment is appropriate. In other words, appellate courts need not defer to trial court summary judgment decisions. See Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711, 622 N.E.2d 1153; Morehead v. Conley (1991),75 Ohio App.3d 409, 411-412, 599 N.E.2d 786. Thus, to determine whether a trial court properly awarded summary judgment, an appellate court must review the Civ. R. 56 summary judgment standard as well as the applicable law. Civ. R. 56(C) provides:
 Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
Accordingly, trial courts may not grant summary judgment unless the evidence demonstrates that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from *Page 4 
the evidence that reasonable minds can come to but one conclusion, and after viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g., Vahila v. Hall (1997),77 Ohio St.3d 421, 429-430, 674 N.E.2d 1164.
 {¶ 8} Under Civ. R. 56, the moving party bears the initial burden to inform the trial court of the basis for the motion, and to identify those portions of the record that demonstrate the absence of material fact. Vahila, supra; Dresher v. Burt (1996), 75 Ohio St.3d 280, 293,662 N.E.2d 264, 273. The moving party cannot discharge its initial burden under the rule with a conclusory assertion that the nonmoving party has no evidence to prove its case. See Kulch v. Structural Fibers, Inc.
(1997), 78 Ohio St.3d 134, 147, 677 N.E.2d 308, 318; Dresher, supra. Rather, the moving party must specifically refer to the "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any," which affirmatively demonstrate that the nonmoving party has no evidence to support the nonmoving party's claims. Civ. R. 56(C);Dresher, supra. "[U]nless a movant meets its initial burden of establishing that the nonmovant has either a complete lack of evidence or has an insufficient showing of evidence to establish the existence of an essential element of its case upon which the nonmovant will have the burden of proof at trial, a trial court shall not grant a summary judgment." Pennsylvania Lumbermans Ins. Corp. v. Landmark Elec.,Inc. (1996), 110 Ohio App.3d 732, 742, 675 N.E.2d 65.
 {¶ 9} Once the moving party satisfies its burden, the nonmoving party bears a corresponding duty to set forth specific facts showing that a genuine issue exists for trial. Civ. R. 56(E); Dresher, supra. In responding to a motion for summary judgment, a *Page 5 
nonmoving party may not rest on "unsupported allegations in the pleadings." Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66, 375 N.E.2d 46. Rather, Civ. R. 56 requires a nonmoving party to respond with competent evidence to demonstrate the existence of a genuine issue of material fact. Civ. R. 56(E) provides:
 * * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.
Consequently, once a moving party satisfies its Civ. R. 56 burden, the nonmoving party must demonstrate, by affidavit or by producing Civ. R. 56(C) evidence, that a genuine issue of material fact remains for trial. A trial court may grant a properly supported motion for summary judgment if the nonmoving party does not respond, by affidavit or as otherwise, with specific facts to show that a genuine issue exists for trial.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264;Jackson v. Alert Fire Safety Equip., Inc. (1991), 58 Ohio St.3d 48,52, 567 N.E.2d 1027.
 {¶ 10} In order to survive a properly supported summary judgment motion in an abuse of process action, a plaintiff must demonstrate the existence of a genuine issue of material fact regarding each of the following elements: "(1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process." Yaklevich v. Kemp, Schaeffer Rowe Co., L.P.A. (1994),68 Ohio St.3d 294, 626 N.E.2d 115, paragraph one of the syllabus;Robb v. Chagrin Lagoons Yacht Club, Inc. (1996), 75 Ohio St.3d 264, 270,662 N.E.2d 9. "In an abuse of process case, `[t]he *Page 6 
improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club.' Prosser Keeton on Torts (5 Ed. 1984) 898, Section 121. Simply, abuse of process occurs where someone attempts to achieve through use of the court that which the court is itself powerless to order." Robb, 75 Ohio St.3d at 271.
 {¶ 11} In the case at bar, we believe that the trial court appropriately entered summary judgment in appellee's favor. Appellee produced evidence to demonstrate the absence of material fact regarding the use of the legal system to accomplish some ulterior purpose. In her affidavit, she stated that she filed the CPO and sought to enforce it due to concerns for her safety. Appellant did not respond with competent evidence to show otherwise. Rather, appellee relies upon conclusory allegations and unfiled deposition testimony. Thus, appellant failed to present any Civ. R. 56 evidence when opposing appellee's properly supported motion. Because appellant did not respond with Civ. R. 56 evidence, the trial court properly entered summary judgment in appellee's favor.
 {¶ 12} Accordingly, based upon the foregoing reasons, we hereby overrule appellant's sole assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the *Page 7 
Lawrence County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Abele, P.J., Kline, J. McFarland, J.: Concur in Judgment Opinion
For the Court
BY: ___________________ Peter B. Abele Presiding Judge
BY: ___________________ Roger L. Kline, Judge
BY: ___________________ Matthew W. McFarland, Judge *Page 1