[Cite as *Sexton v. Certified Oil Co.*, 2013-Ohio-482.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| JAMES SEXTON, ET AL., | : | |
| | : | |
| Plaintiffs-Appellants, | : | Case No. 11CA3299 |
| | : | |
| vs. | : | |
| | : | DECISION AND JUDGMENT |
| CERTIFIED OIL COMPANY, | : | ENTRY |
| | : | |
| Defendant-Appellee. | : | **Released: 02/07/13** |

_____

APPEARANCES:

Sanford A. Meizlish, Barkan Meizlish Handelman Goodin Derose Wentz, LLP, Columbus, Ohio, for Appellants.

David K. Frank, Robert H. Stoffers, and Jeffery S. Maynard, Mazanec, Raskin & Ryder Co., L.P.A., Columbus, Ohio, for Appellee.

_____

McFarland, P. J.

{¶1} James and Sheila Sexton appeal the judgment of the Ross County Court of Common Pleas, granting summary judgment to Defendant-Appellee Certified Oil Company. Having reviewed the record and the pertinent law, we affirm.

FACTS

{¶2} On January 7, 2009, Appellant James Sexton fell on the premises of the Certified Oil gas station on Bridge Street in Chillicothe, Ohio. He injured his left knee and subsequently incurred substantial medical bills.

{¶3} Appellant testified that on the accident date, he arrived at the gas station between 12:30 and 1:00 p.m. He exited his vehicle, pumped gas, and walked between two sets of pumps. When he walked between the pumps, he fell. A woman helped him up. He went into the station to report his fall. On his way out of the station, he noticed a section of concrete was raised at the place where he tripped. He did not measure the raised concrete, but testified it appeared to be 1 ¾ to 2 inches high. Appellant took photographs of the area where he fell, and he testified the photographs reflected the conditions present on the day of his fall. Specifically, he testified there had been a shadow cast on the area where he fell.

{¶4} Appellant further testified he had been to that particular Certified station on approximately three prior occasions. On the day of the incident, prior to his fall, Appellant testified he never looked at the ground, nor did he look to see what caused him to fall afterwards. Appellant acknowledged there were no obstructions or other objects which would block his view of the concrete.

{¶5} Appellant and his wife, Sheila Sexton, filed suit against Defendant Certified Oil Company on December 10, 2010. Appellant alleged negligent maintenance of the gas station premises. His wife asserted a claim for loss of consortium. Defendant-Appellee filed a timely answer. On May 18, 2011, Defendant-Appellee filed a motion for summary judgment arguing that the condition of the concrete in the area where Appellant fell constituted an "open and obvious" condition. Appellant filed a memorandum contra, responding that the shadow over the raised concrete created an "attendant circumstance" and thus, a genuine issue of material fact precluded summary judgment. Appellee filed a reply brief. On October 19, 2011, the trial court entered its decision in favor of Defendant-Appellee. The court concluded that the "raised concrete was an open and obvious danger, a minor defect not made unreasonably dangerous due to any attendant circumstances." This appeal ensued.

## ASSIGNMENT OF ERROR

I.      THE COMMON PLEAS COURT ERRED BY ENTERING
        SUMMARY JUDGMENT IN FAVOR OF DEFENDANT-
        APPELLEE CERTIFIED OIL COMPANY WHEN (1) THE
        RECORD, WHEN CONSTRUED IN ACCORDANCE WITH
        CIV.R.56, REVEALS GENUINE ISSUES OF MATERIAL FACT;
        AND (2) THE DEFENDANT-APPELLEE IS NOT ENTITLED TO
        JUDGMENT AS A MATTER OF LAW (DECISION AND ENTRY,
        OCTOBER 19, 2011).

## LEGAL ANALYSIS

## JURISDICTION

{¶6} As a threshold matter, Appellee Certified Oil points out that summary judgment in its favor on Appellant Sheila Sexton's loss of consortium claim was also appropriate, even though it was not specifically addressed by the trial court's judgment entry. "An order which adjudicates one or more but fewer than all the claims * * * must meet the requirements of R.C. 2505.02 and Civ.R. 54(B) in order to be final and appealable." *Watershed Management L.L.C. v. Neff,* 4th Dist. No. 10CA42, 2012 Ohio 1020, 2012 WL 832829, ¶18; *Noble v. Colwell,* 44 Ohio St. 3d 92, 96, 540 N.E. 2d 1381. Under Civ. R. 54(B), any "form of decision, however designated, which adjudicates fewer than all the claims * * * shall not terminate the action as to any of the claims or parties." *Neff,* ¶18. Despite the plain language of Civ.R. 54(B), the Supreme Court of Ohio has held " a judgment in an action which determines a claim in that action and has the effect of rendering moot all other claims in the action as to all other parties to the action is a final appealable order pursuant to R.C. 2505.02, and Civ.R. 54(B) is not applicable to such a judgment." *Neff,* ¶19; *Wise v. Gursky*, 66 Ohio St. 2d  241, 243, 421 N.E.2d 150 (1981). See, also, *General Accident Insurance Company v. Insurance Co. of N. America*, 44 Ohio St.3d 17, 21, 540 N.E.2d 266 (1989). Essentially, when a judgment on fewer than all

claims renders the remaining claims moot, it becomes a judgment on all the claims, and Civ.R.54(B) no longer applies. *Neff*, ¶19.

{¶7} A claim for loss of consortium is derivative in that the claim is dependent upon the defendant having committed a legally cognizable tort upon the spouse who suffers bodily injury. *Bowen v. Kil-Kare, Inc.,* 63 Ohio St. 3d 84, 88, 585 N.E.2d 384 (1992). While a spouse's claim for loss of consortium is separate and distinct, the non-injured spouse cannot recover for loss of consortium if there is no cognizable claim under Ohio law that would be available to the injured spouse. *LeMaster v. Davis,* 4th Dist. No. 95CA30, 1996 WL 174627, (Apr. 10, 1996); See also, *Gallimore v. Children's Hosp.*, 67 Ohio St.3d 244, 617 N.E.2d 1052 (1993). Because the trial court determined summary judgment on Appellant James Sexton's claims to be appropriate, Appellant Sheila Sexton's loss of consortium claim did not survive. Based on the above, we believe judicial economy mandates that we proceed with a disposition on the merits. See e.g. *Ratliff v. Morehead,* 4th Dist. No 97CA2505, 1998 WL 254031, (May 19, 1998).

## WAIVER

{¶8} Appellee Certified Oil initially argues that Appellants have waived their arguments on appeal as to "multiple issues of material fact" in that Appellant's arguments are raised only in skeletal form, without

reference to the record, and are therefore, not adequately briefed. Specifically, Appellee asserts that Appellant failed to identify only an oblique suggestion that a question of whether the slightly raised area of concrete, at issue in this matter, was visible or discernible (open and obvious). App.R.12(A)(2) provides: "The court may disregard and assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R.16(A)." *In re Snyder,* 4th Dist. No. 01CA11, 2002-Ohio-6137,  2002 WL 31520119, ¶36, citing *Hawley v. Ritley*, 35 Ohio St.3d 157, 519 N.E.2d 390 (1988), (explaining that an appellate court may rely upon App.R.12(A) in disregarding an argument because the appellant failed to adequately brief the argument.) However, in the interests of justice we shall review the arguments presented in Appellants' brief to this Court.

SUMMARY JUDGMENT STANDARD

{¶9} Initially, we note that appellate courts conduct a de novo review of trial court summary judgment decisions. See, e.g., *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Accordingly, an appellate court must independently review the record to determine if summary judgment is appropriate and need not defer to the trial court's

decision. See *Brown v. Scioto Bd. of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (1993); *Morehead v. Conley*, 75 Ohio App.3d 409, 411-12, 599 N.E.2d 786 (1991). Thus, to determine whether a trial court properly granted a summary judgment motion, an appellate court must review the Civ.R.56 summary judgment standard, as well as the applicable law.

Civ.R.56(C) provides, in relevant part, as follows:

{¶10} * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶11} Pursuant to Civ.R.56, a trial court may not award summary judgment unless the evidence demonstrates that: (1) no genuine issue as to

any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and after viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g., *Vahila v. Hall*, 77 Ohio St.3d 421, 429-30, 674 N.E.2d 1164 (1997).

## NEGLIGENCE

{¶12} A successful negligence action requires a plaintiff to establish that: (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached the duty of care; and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury. See, e.g., *Texler v. D.O. Summers Cleaners*, 81 Ohio St.3d 677, 680, 693 N.E.2d 217 (1998); *Jeffers v. Olexo*, 43 Ohio St.3d 140, 142, 539 N.E.2d 614 (1989); *Menifee v. Ohio Welding Products, Inc.*, 15 Ohio St.3d 75, 472 N.E.2d 707 (1984). If a defendant points to evidence to illustrate that the plaintiff will be unable to prove any one of the foregoing elements, and if the plaintiff fails to respond as Civ.R.56 provides, the defendant is entitled to judgment as a matter of law. See *Lang v. Holly Hill Motel,* Inc., 4th Dist. No. 06CA18, 2007-Ohio-3898, at ¶ 19, affirmed, 122 Ohio St.3d 120, 2009-Ohio-2495, 909 N.E.2d 120.

{¶13} The existence of a defendant's duty is a threshold question in a negligence case. *Jackson v. Pike County Bd. of Commr.,* 4th Dist. No. 10CA805, 2010-Ohio-4875, 2010 WL 3902618 , ¶15. See e.g., *Armstrong v. Best Buy Co., Inc.,* 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088 at ¶ 13. In a premises liability case, the relationship between the owner or occupier of the premises and the injured party determines the duty owed. *Jackson,* ¶15. See, e.g., *Gladon v. Greater Cleveland Regional Transit Auth.*, 75 Ohio St.3d 312, 315, 662 N.E.2d 287 (1996); *Shump v. First Continental-Robinwood Assocs.*, 71 Ohio St.3d 414, 417, 644 N.E.2d 291(1994). In the case at bar, Mr. Sexton was a business invitee to whom Appellee owed a duty of care to maintain its gas station premises in a reasonably safe condition. We turn next to a consideration of whether or not the raised concrete that Appellant encountered constituted an open and obvious hazard.

THE "OPEN AND OBVIOUS" DOCTRINE

{¶14} A premises owner or occupier possesses the duty to exercise ordinary care to maintain its premises in a reasonably safe condition, such that business invitees will not unreasonably or unnecessarily be exposed to danger. *Jackson v. Pike County*, ¶16.  See e.g. , *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 203, 480 N.E.2d 474 (1985). A premises

owner or occupier is not, however, an insurer of its invitees' safety. *Id.* While the premises owner must warn its invitees of latent or concealed dangers if the owner knows or has reason to know of the hidden dangers, see *Jackson v. Kings Island,* 58 Ohio St.2d 357, 358, 390 N.E.2d 810, (1979), invitees are expected to take reasonable precautions to avoid dangers that are patent or obvious. See *Brinkman v. Ross*, 68 Ohio St.3d 82, 84, 623 N.E.2d 1175 (1993); *Sidle v. Humphrey*, 13 Ohio St.2d 45, 233 N.E.2d 589 (1968), paragraph one of the syllabus.

{**¶15**} Therefore, when a danger is open and obvious, a premises owner owes no duty of care to individuals lawfully on the premises. *Armstrong,* at ¶ 5; *Sidle,* paragraph one of the syllabus. By focusing on duty, "the rule properly considers the nature of the dangerous condition itself, as opposed to the nature of the plaintiff's conduct in encountering it." *Armstrong* at ¶13. The underlying rationale is that "the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." *Id.* at ¶ 5. "The fact that a plaintiff was unreasonable in choosing to encounter the danger is not what relieves the property owner of liability. Rather, it is the fact that the condition itself is so obvious that it absolves the property owner

from taking any further action to protect the plaintiff." *Id.* at ¶ 13. Thus, the open and obvious doctrine obviates the duty to warn and acts as a complete bar to recovery. *Id.* at ¶ 5. Furthermore, the issue of whether a hazard is open and obvious may be decided as a matter of law when no factual issues are disputed. Na*geotte v. Cafaro Co.*, 160 Ohio App.3d 702, 710, 2005-Ohio 2098, 828 N.E.2d 683, at ¶ 28, citing *Armstrong*.

{¶16} In the case at bar, we agree with the trial court's opinion that any danger associated with the raised concrete at the Certified gas station was open and obvious. Nothing about the condition of the concrete was hidden or concealed from view from a person who was watching where he or she was going. Mr. Sexton testified that there was no rain or snow, no ice or snow accumulation which prevented him from looking at the pavement as he walked. There was nothing that struck him as being abnormal in comparison to his prior visits to the gas station. More important, Appellant testified that he never looked at the ground in the area where he fell before he stumbled and fell, and that there were no obstructions or other objects blocking his view of the concrete or pathway he was taking into the gas station. The facts demonstrate that Appellant failed to look and discover the raised concrete prior to his fall. We next consider whether or not

"attendant circumstances" prevented him from discovering the raised concrete.

"THE TWO INCH RULE"

{¶17} This general rule, known as the "two-inch rule", has been clarified by the Supreme Court of Ohio in *Cash v. Cincinnati*, 66 Ohio St.2d 319, 421 N.E.2d 1275 (1981). In *Cash,* the Supreme Court established that differences in height of two inches or less create a rebuttable presumption which may be rebutted by a showing of attendant circumstances sufficient to render the defect substantial. *Cash, supra,* at 323-324. What constitutes attendant circumstances has not been clearly defined; however, the totality of the circumstances of each case must be examined to determine if the circumstances create a substantial defect. *Stockhauser v. Archdiocese of Cincinnati,* 97 Ohio App.3d 29, 646 N.E.2d 198, (2nd. Dist. 1994), citing *France v. Parliament Park Townhomes,* 2nd. Dist. No. 14264, 1994 WL 15658, (Apr. 27, 1994). Appellant acknowledged in his deposition that the raised concrete which he asserts caused his fall was 1 ¾ to 2 inches in height. Appellant argues that the attendant circumstances, i.e, the shadow that was cast between the gas pumps, rendered the raised concrete a substantial defect. Specifically, Appellant testified that after he picked himself up from the fall, he went into the gas station and attempted to file a

report. When he exited the station and went back to his vehicle, he discovered the section of raised concrete in the area where he fell. That is when he further noticed a shadow in the area of the raised concrete. We disagree with Appellant's contention that the shadow over the raised concrete created an attendant circumstance.

## "ATTENDANT CIRCUMSTANCES"

{¶18} "Attendant circumstances" may also create a genuine issue of material fact as to whether a hazard is open and obvious. *Jackson v. Pike County,* ¶21. *Lang* at ¶ 24; *Cummin v. Image Mart, Inc.,* 10th Dist. No. 03AP1284, 2004-Ohio-2840, 2004 WL 1220041, at ¶ 8, citing *McGuire v. Sears, Roebuck & Co.*, 118 Ohio App.3d 494, 498, 693 N.E.2d 807 (1st Dist. 1996). An attendant circumstance is a factor that contributes to the fall and is beyond the injured person's control. *Jackson v. Pike County*, ¶21. See, e.g. *Backus v. Giant Eagle, Inc.*, 115 Ohio App.3d 155, 158, 684 N.E.2d 1273 (7th Dist. 1996). "The phrase refers to all circumstances surrounding the event, such as time and place, the environment or background of the event, and the conditions normally existing that would unreasonably increase the normal risk of a harmful result of the event." *Jackson v. Pike County,* ¶21; *Cummin* at ¶ 8, citing *Cash*. An "attendant circumstance" has also been

defined to include any distraction that would come to the attention of a pedestrian in the same circumstances and reduce the degree of care an ordinary person would exercise at the time." *Jackson v. Pike County,* ¶21; *McGuire,* 118 Ohio App.3d at 499, 693 N.E.2d 807.

{¶19} Attendant circumstances do not include the individual's activity at the moment of the fall, unless the individual's attention was diverted by an unusual circumstance of the property owner's making. *Jackson v. Pike County*, ¶22. Moreover, an individual's particular sensibilities do not play a role in determining whether attendant circumstances make the individual unable to appreciate the open and obvious nature of the danger. *Id.*  As the court explained in *Goode v. Mt. Gillion Baptist Church,* 8th Dist. No. 87876, 2006-Ohio-6936,  2006 WL 3804534, at ¶ 25: "The law uses an objective, not subjective, standard when determining whether a danger is open and obvious. The fact that appellant herself was unaware of the hazard is not dispositive of the issue. It is the objective, reasonable person that must find that the danger is not obvious or apparent." Thus, we use an objective standard to determine whether the danger associated with the condition was open and obvious.  *Jackson v. Pike County,* ¶22. Furthermore, the question of whether a danger is open and obvious is highly fact-specific. *Stanfield v. Amvets Post No. 88,* 2nd Dist. No. 06CA35, 2007-Ohio-1896, 2007 WL

1174445, at ¶ 12; *Henry v. Dollar General Store,* 2nd Dist. No.2002-CA-47, 2003-Ohio-206, 2003 WL 139773, at ¶ 16.

{¶20} Here, we determine that upon consideration of the totality of the circumstances, the raised concrete was an open and obvious condition. Further, we find that Appellant failed to establish the existence of attendant circumstances so as to create a genuine issue of any material fact. Appellant's argument regarding the shadow over the area of the raised concrete is not persuasive.  As we previously observed in *Jackson v. Pike County, ¶*24:  (1) a business owner has no affirmative duty to light walkways and public parking areas outside their buildings to accommodate invitees; and (2) darkness is always a warning of danger.  *Jeswald v. Hutt,* 15 Ohio St.3d 224, 239 N.E.2d 37, (1968) paragraphs two and three of the syllabus. Thus, "[t]he amount of light in a given area is an open and obvious condition." *Jackson v. Pike County,* ¶24, quoting, *Swonger v. Middlefield Village Apartments,* 11th Dist. No. 2003-G-2547, 2005-Ohio-570, at¶12. We reiterate our statement in *Jackson v. Pike County,* that "if the area was dark and shadowed, as claimed, then such condition itself should have

served as a warning to Appellant to exercise caution." ¶24.  See, e.g. *Gordon v. Dziak*, 8th Dist. No. 88882, 2008-Ohio-570, 2008- WL 384146, at ¶50.[1]

{**¶21**} For the foregoing reasons, we overrule Appellants' assignment of error and affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

---

[1] This case rejected "as beyond reasonable comprehension, the "argument that an undisclosed presence of shadows near a residence could be dangerous" and stating that "a person should not be held liable where he or she had no control over shadows caused by the sun"); *Swonger* ("the person who disregards a dark condition does so at his or her own peril.").

# **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellants costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Kline, J.:     Concurs in Judgment and Opinion.
Harsha, J.:   Concurs in Judgment Only.

For the Court,

BY:   _____
         Matthew W. McFarland
         Presiding Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**