[Cite as *Wise v. E. Hall Funeral Home, Inc.*, 2022-Ohio-394.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| JESSIE FERN WISE, | : | Case No. 21CA6 |
| | : | |
| Plaintiff-Appellant, | : | |
| | : | |
| v. | : | <u>DECISION AND JUDGMENT</u> |
| | : | <u>ENTRY</u> |
| E. HALL FUNERAL HOME, INC., | : | |
| | : | |
| Defendant-Appellee. | : | **RELEASED: 02/01/2022** |

<u>APPEARANCES:</u>

Brigham M. Anderson, Anderson & Anderson Co., L.P.A., Ironton, Ohio for Appellant.

Daniel J. Hurley, Plunkett Cooney, Columbus, Ohio for Appellee.

Wilkin, J.

{¶1} This is an appeal from a Lawrence County Court of Common Pleas judgment awarding summary judgment in favor of appellee, E. Hall Funeral Home, Inc., on appellant's, Jessie Fern Wise's, negligence claim.   Appellant asserts two assignments of error: (1) "The trial court erred when it made a factual determination that the pebble or rock that caused the plaintiff-appellant's fall and injuries was a minor or trivial imperfection, not unreasonably dangerous and which is commonly encountered and to be expected while traversing parking lots and not a genuine issue of any material fact," and (2) "the trial court erred when it made a factual determination that the pebble or rock was an open and obvious defect."[1]   Having reviewed appellant's arguments, the record, and the pertinent

---

[1] The parties refer to the object that Wise stepped on as a pebble and/or rock.  For the sake of consistency, in our decision we will refer to the object as a rock.

law, we overrule both of her assignments of error, and affirm the trial court's summary judgment in favor of appellee.

BACKGROUND

{¶2} Appellee is the owner of a funeral home.  Appellant attended a funeral at appellee's place of business when she stepped on a rock in the parking lot causing her to fall and injure her ankle and elbow.  On March 18, 2020, appellant filed a complaint alleging that appellee, as a business, owed a duty to keep its property "safe and to guard [her] against any danger while she was on the premises."  Appellant alleged that appellee "knew or with reasonable caution should have known that the parking lot contained loose pavement creating a dangerous situation for its customers."  As a result of this negligence, appellant fell and was injured.  She sought to recover $25,000. Appellee filed an answer denying liability, as well as affirmative defenses.

{¶3} On October 15, 2020, appellee's counsel deposed appellant. Appellant testified that after attending a funeral at appellee's funeral home, she along with her ex-husband and two nieces were crossing the parking lot to get to their vehicle.  As appellant was walking and talking to her niece, her "ankle twisted out from under [her]" causing her to fall.  Appellant claimed that the fall occurred because she stepped on a dime-sized rock.  The rock was solitary and the same color as the asphalt.  There were other people in the parking lot who witnessed the fall and appellant's niece noticed the rock afterwards.

{¶4} As a result of the fall, appellant suffered a fractured arm.  An orthopedist prescribed physical therapy to treat the fracture.  However, after

several therapy sessions, appellant claimed that another x-ray indicated her arm was not healing.  Consequently, she underwent surgery to repair the fracture.

{¶5} Appellee filed a motion for summary judgment alleging that there was no genuine issue of material fact supporting appellant's allegations.  A property owner owes no duty of care to visitors for dangers in the premises that are "open and obvious" or for "trivial imperfections."  Appellee argued that because the rock was an open and obvious or trivial defect in the property, it had no duty to warn appellant of the rock in the parking lot.

{¶6} Appellant filed a memorandum contra claiming that the rock was not an open and obvious defect because it was a single, dime-sized rock that was the same color as the pavement in the parking lot.  Based on the same facts, appellant also argued that the rock was not a trivial defect.

{¶7} On March 16, 2021, the trial court issued a judgment entry granting Appellee's motion for summary judgment.  The court found the rock in this case was (1) a minor imperfection in the parking lot and (2) was an open and obvious defect because it was observable at the time of appellant's fall.  Therefore, the trial court granted summary judgment in favor of appellee.  It is this judgment that appellant appeals.

ASSIGNMENTS OF ERROR

I.    THE TRIAL COURT ERRED WHEN IT MADE A FACTUAL DETERMINATION THAT THE PEBBLE OR ROCK THAT CAUSED THE PLAINTIFF-APPELLANT'S FALL AND INJURIES WAS A MINOR OR TRIVIAL IMPERFECTION, NOT UNREASONABLY DANGEROUS AND WHICH IS COMMONLY ENCOUNTERED AND TO BE EXPECTED WHILE TRAVERSING PARKING LOTS AND NOT A GENUINE ISSUE OF ANY MATERIAL FACT.

II.     THE TRIAL COURT ERRED WHEN IT MADE A FACTUAL DETERMINATION THAT THE PEBBLE OR ROCK WAS AN OPEN AND OBVIOUS DEFECT.

A.  Standard of Review

{¶8} "We review the trial court's decision on a motion for summary judgment de novo."  *DeepRock Disposal Sols., LLC v. Forte Productions, LLC*, 4th Dist. Washington No. 20CA15, 2021-Ohio-1436, ¶ 67, citing *Smith v. McBride*, 130 Ohio St.3d 51, 2011-Ohio-4674, 955 N.E.2d 954, ¶ 12. "Accordingly, an appellate court must independently review the record to determine if summary judgment is appropriate and need not defer to the trial court's decision."  *Worthy v. Hawthorne*, 4th Dist. Lawrence No. 20CA5, 2021-Ohio-813, ¶ 12, citing *Brown v. Scioto Bd. of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993).

{¶9} "Under Civ.R. 56, the moving party bears the initial burden to inform the trial court of the basis for the motion and to identify those portions of the record that demonstrate the absence of a material fact."  *Dillon v. Siniff*, 4th Dist. Ross No. 11CA3268, 2012-Ohio-910, ¶ 17, citing *Vahila v. Hall*, 77 Ohio St.3d 421, 429–430, 674 N.E.2d 1164 (1997).  The moving party must rely on " 'pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any,' which affirmatively demonstrate that the nonmoving party has no evidence to support the nonmoving party's claims."  *Walsh v. Walsh*, 4th Dist. Lawrence No. 8CA4, 2008-Ohio-5701, ¶ 8, quoting Civ.R. 56(C).  If the moving party fails to establish "either a complete lack of evidence or has an insufficient

showing of evidence to establish the existence of an essential element of its case upon which the nonmovant will have the burden of proof at trial, a trial court shall not grant a summary judgment." *Hawthorne*, 4th Dist. Lawrence No. 20CA5, 2021-Ohio-813, ¶ 16, quoting *Pennsylvania Lumbermens Ins. Corp. v. Landmark Elec., Inc.*, 110 Ohio App.3d 732, 742, 675 N.E.2d 65 (2d Dist.1996) and Civ.R. 56(E). However, if "the moving party satisfies its burden, the nonmoving party bears a corresponding duty to set forth specific facts to show that a genuine issue exists." *Id.*, citing Civ.R. 56(E).

{¶10} " 'The purpose of summary judgment is not to try issues of fact, but rather to determine whether triable issues of fact exist.' " *Greene v. Partridge*, 2016-Ohio-8475, 78 N.E.3d 197 ¶ 15, (4th Dist.), quoting *McGee v. Goodyear Atomic Corp.,*103 Ohio App.3d 236, 242-243, 659 N.E.2d 317 (4th Dist.1995). Consequently, when ruling on a motion for summary judgment "a court must not 'consider either "the quantum" or the "superior credibility" of evidence.' " *Id.*, quoting *McGee* at 242. And the court must construe the record and all inferences from the evidence in favor of the nonmoving party. *State ex rel. Deem v. Pomeroy*, 2018-Ohio-1120, 109 N.E.3d 30, ¶ 19 (4th Dist.), Civ.R. 56(C).

{¶11} Summary judgment may be granted "if the moving party establishes that (1) there is no genuine issue of material fact, (2) reasonable minds can come to but one conclusion, which is adverse to the party against whom the motion is made and, (3) the moving party is entitled to judgment as a matter of law." *Marietta v. Verhovec*, 4th Dist. Washington No. 19CA24, 2020-Ohio-7020, ¶ 21,

citing *Capital One Bank (USA) N.A. v. Rose,* 4th Dist. Ross No. 18CA3628,

2018-Ohio-2209, ¶ 23.

### B. Premises Liability

{¶12} The issue in this case is whether appellee was negligent. In order

to establish a claim for negligence, a plaintiff must show "that: (1) the defendant

owed the plaintiff a duty of care; (2) the defendant breached the duty of care; and

(3) as a direct and proximate result of the defendant's breach, the plaintiff

suffered injury." *Wright v. Village of Williamsport*, 2019-Ohio-2682, 140 N.E.3d 1,

¶ 22 (4th Dist.), citing *Texler v. D.O. Summers Cleaners*, 81 Ohio St.3d 677, 680,

693 N.E.2d 271 (1998), *Jeffers v. Olexo*, 43 Ohio St.3d 140, 142, 539 N.E.2d 614

(1989), *Menifee v. Ohio Welding Products, Inc.*, 15 Ohio St.3d 75, 472 N.E.2d

707 (1984).

{¶13} In a premises liability case, like the one at hand, the duty owed by a

landowner to individuals visiting the property is determined by the relationship

between the parties. *Light v. Ohio University*, 28 Ohio St.3d 66, 68, 502 N.E.2d

611 (1986). Ohio ascribes to the common-law classifications of invitee, licensee,

and trespasser in cases of premises liability which determines the standard of

care owed to the individual. *Shump v. First Continental–Robinwood Assoc.*, 71

Ohio St.3d 414, 417, 1994-Ohio-427, 644 N.E.2d 291 (1994). A person "who

rightfully come[s] upon the premises of another by invitation, express or implied,

for some purpose which is beneficial to the owner" is an "invitee." *Gladon v.*

*Greater Cleveland Reg'l Transit Auth.*, 75 Ohio St. 3d 312, 315, 1996-Ohio-137,

662 N.E.2d287. "A landowner owes an invitee the duty to 'exercise ordinary care

to render the premises reasonably safe.' " *Combs v. Ohio Dept. of Nat.*

*Resources, Div. of Parks & Recreation*, 146 Ohio St.3d 271, 2016-Ohio-1565, 55

N.E.3d 1073, ¶ 9, quoting *Cincinnati Baseball Club Co. v. Eno*, 112 Ohio St. 175,

147 N.E. 86 (1925), (paragraph one of the syllabus).

{¶14} "Keeping the premises in a reasonably safe condition generally

means that a premises owner (1) must not create a dangerous condition on its

premises, and (2) must warn its invitees of latent or concealed dangers, if the

premises owner has actual or constructive knowledge of those dangers." *Ray v.*

*Wal-Mart Stores, Inc.*, 2013-Ohio-2684, 993 N.E.2d 808, ¶ 18 (4th Dist.), citing

*Jackson v. Kings Island,* 58 Ohio St.2d 357, 358, 390 N.E.2d 810 (1979). A

property "owner must warn its invitees of latent or concealed dangers if the

owner knows or has reason to know of the hidden dangers[.]" *Wilson v. Kids*

*Room*, 4th Dist. Highland No. 96CA909, 1997 WL 599177, *2 (Sept. 22, 1997),

citing *Jackson*, at 358.

{¶15} In this matter, it is undisputed that appellant was a business invitee

of appellee, which imposed upon appellee a duty of ordinary care to render its

premises reasonably safe for appellant. The question on appeal is whether the

trial court erred in holding that reasonable minds would not differ in concluding

appellee was relieved of that duty under the trivial-defects doctrine or the open-

and-obvious doctrine and consequently was not liable for appellant's injuries.

We find that the trial court did not err in so holding.

## ASSIGNMENT OF ERROR I

{¶16} In her first assignment of error, appellant asserts that the trial court erred in granting summary judgment in favor of appellee by making a factual determination that the rock that caused her to fall and injure herself was a minor or trivial imperfection, not unreasonably dangerous, and which is commonly encountered and to be expected while traversing a parking lot.  Rather, appellant alleges that there was a genuine issue of material fact regarding appellee's liability.  Appellant states that the rock that caused her fall "was laying by itself in the parking lot and there were no piles of similar pebbles/rocks in the nearby area."  The rock that was about the "size of a dime" was not a trivial imperfection and it was "substantial enough" that appellee should have warned her of its presence.  Appellant maintains that reasonable minds would differ on whether the rock was a trivial defect.  Therefore, appellant argues that the trial court erred in granting summary judgment to appellee.

{¶17} In response, appellee contends that a property owner has no duty to protect visitors from minor or trivial imperfections that are commonly encountered and not unreasonably dangerous.  Appellee asserts that "there can be no question that a solitary dime-sized pebble/rock in a parking lot is a minor or trivial imperfection (not reasonably dangerous and commonly encountered and to be expected) which creates no liability as a matter of law on the part of Appellee Hall Funeral."

A.  The Trivial Defect Doctrine

{¶18} In *Helms v. American Legion, Inc.*, 5 Ohio St.2d 60, 213 N.E.2d 734, syllabus (1966), the Supreme Court of Ohio held:

> The owners or occupiers of private premises are not insurers of the safety of pedestrians traversing those premises, and minor or trivial imperfections therein, which are not unreasonably dangerous and which are commonly encountered and to be expected, *as a matter of law* do not create liability on the part of such owners or occupiers toward a pedestrian who, on account of such minor imperfection, falls and is injured. * * *

[Emphasis sic.]

"[T]he 'minor or trivial defect' doctrine properly considers the dangerous condition itself, as opposed to the nature of appellant's conduct in approaching it." *Hawkins v. Crestwood Loc. Sch. Dist.*, 11th Dist. Portage No. 2002-P-38, 2003-Ohio-6747, ¶ 10.  If the defect is minor or trivial, the property owner owes no duty to the plaintiff so the property owner is due judgment as a matter of law.  *See Betts v. Windland*, 4th Dist. Washington No. 90CA39, 1991 WL 238204, *5 (Nov. 4, 1991).  "Minor imperfections are identified as: (1) commonly encountered, (2) to be expected, and (3) not unreasonably dangerous, respecting trivial departures from perfection."  *Id.*, citing *Armstrong v. Ohio Fuel Gas Co.*, 13 Ohio App.2d 35, (10th Dist. 1967).  Ohio courts have recognized that gravel can be a minor or trivial defect.  *See Pacey v. Penn Garden Apartments*, 2d Montgomery No. 17370, 1999 WL 76841, *1 (Feb. 19, 1999) ("small concrete pebbles" were a minor defect), *Richards v. Bowling & Sons, Inc.*, 2d Dist. Montgomery No. CA17375, 1999 WL 34799, *2 (Jan. 29, 1999) (black gravel on black asphalt was

a minor defect), *Hawkins* at ¶ 18, *Sollberger v. USA Parking Sys., Inc.*, 8th Dist. Cuyahoga No. 948859, 2011-Ohio-216, ¶ 19 (loose gravel was a minor defect).

{¶19} However, "[a]ttendant circumstances surrounding an incident might increase the danger posed by the minor defect to the extent that the minor defect is elevated into a substantial one." *Pacey* at *7, citing *Stockhauser v. Archdiocese of Cincinnati*, 97 Ohio App.3d 29, 33, 646 N.E.2d 198 (2d Dist.1994). An attendant circumstance is a factor that contributes to the fall and is beyond the injured person's control. *Sexton v. Certified Oil Co.*, 4th Dist. Ross No. 11CA3299, 2013-Ohio-482, citing *Backus v. Giant Eagle, Inc.*, 115 Ohio App.3d 155, 158, 684 N.E.2d 1273 (7th Dist.1996). "If the attendant circumstances taken together significantly enhance the danger of the defect and contribute to the fall, then the otherwise minor defect may be deemed substantial." *Pacey* at *7, citing *Stockhauser* at 33-34. Attendant circumstances " 'refers to all circumstances surrounding the event, such as time and place, the environment or background of the event, and the conditions normally existing that would unreasonably increase the normal risk of a harmful result of the event.' " *Galligan-Dent v. Tecumseh Outdoor Drama*, 4th Dist. Ross No. 16CA3534, 2016-Ohio-7907, ¶ 24, quoting *Cummin v. Image Mart, Inc.*, 10th Dist. Franklin No. 3AP-1284, 2004-Ohio-2840 at ¶ 8, citing *Cash v. Cincinnati*, 66 Ohio St.2d 319, 324, 421 N.E.2d 1275 (1981). "These circumstances may include the lighting conditions, weather, time of day, traffic patterns, or activities engaged in at the time." *Id.* at ¶ 20, citing *Jackson v. Bd. Of Pike Cty. Commrs.*, 4th Dist. Pike No. 10CA805, 2010-Ohio-4875, ¶ 20.

**{¶20}** If reasonable minds can only conclude that the defect in question is a minor/trivial defect and there are no attendant circumstances that caused it to become unreasonably dangerous, then a trial court does not err in granting summary judgment to the property owner.  *See Shifflet v. Glouster Pub. Libr.*, 4th Dist. Athens No. 00CA01, 2000 WL 1038100, *4 (July 19, 2000).

## B.  Analysis

**{¶21}**.  As noted above, courts have recognized loose gravel to be a trivial defect as it is commonly encountered and not unreasonably dangerous.  *Pacey*, 2d Dist. Montgomery No. No. 17370, *1 (Feb. 19, 1999), *Hawkins*, 11th Dist. Portage No. 2002-P-38, 2003-Ohio-6747, ¶ 18, *Sollberger*, 8th Dist. Cuyahoga No. 948859, 2011-Ohio-216, ¶ 19.  Similarly, we find that the rock in this case is a trivial defect that is commonly encountered, especially when considering the photo of appellee's parking lot which reflects some deterioration of the pavement. [Wise Ex. I] *Richards v. Bowling & Sons, Inc.*, 2d Dist. Montgomery No. CA17375, 1999 WL 34799, *2 (Jan. 29, 1999), quoting  *Helms, Inc.*, 5 Ohio St.2d 60, 213 N.E.2d 734 (1966) at the syllabus ("There is nothing in the evidence to demonstrate that the gravel and asphalt were anything more than what one would expect to accompany gradual deterioration of a paved outdoor parking lot over time, a condition that is 'commonly encountered and to be expected.' ")  And we additionally find no attendant circumstances that would elevate the rock to be an unreasonably dangerous condition.  Appellant traversed the parking lot in the early afternoon and the weather was "beautiful."

**{¶22}** Because we find reasonable minds would not differ in finding that the rock in this case was a trivial defect, and there were no attendant circumstances that caused it to become an unreasonably dangerous defect, appellee owed no duty of care to protect appellant from the rock.  Therefore, we overrule appellant's first assignment of error.

## ASSIGNMENT OF ERROR II

**{¶23}** In her second assignment of error, appellant asserts that the trial court erred when it made a factual determination that the rock was an open and obvious defect.  Appellant alleges that neither she nor her niece saw the rock until after appellant had stepped on the rock.  Therefore, appellant maintains that there is a genuine issue of material fact as to whether the rock was an open and obvious defect, and the trial court erred in granting summary judgment to appellee.

**{¶24}** In response, appellee argues that loose gravel or rock on a parking lot is not concealed from view and is commonly encountered by pedestrians.  Both appellant and her niece "observed and could see the rock on the ground near [appellant's] feet."  Therefore, by appellant's own admission that she observed the rock, it was an open and obvious defect.  Appellee further contends that appellant did not testify to the existence or claim there were any "attendant circumstances" that could have distracted her prior to the fall negating the open and obvious nature of the rock.

## A.  The Open and Obvious Defect Doctrine

**{¶25}** " [A] shopkeeper is under no duty to protect business invitees from dangers 'which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them.' " *Paschal v. Rite Aid Pharmacy, Inc.,* 18 Ohio St.3d 203, 203-204, 480 N.E.2d 474 (1985), quoting *Sidle v. Humphrey,* 13 Ohio St.2d 45, 233 N.E.2d 589 (1968), paragraph one of the syllabus.  "[W]hen 'a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises.' " *Wright v. Village of Williamsport*, 2019-Ohio-2682, 140 N.E.3d 1, ¶ 29 (4th Dist.), quoting *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, syllabus.  " 'The underlying rationale is that " 'the open and obvious nature of the hazard itself serves as a warning.' " *Id*., quoting *Armstrong* at ¶ 5.

**{¶26}** "The determinative issue [in deciding whether a defect is open and obvious] is whether the condition is observable."  *Id.*, citing *Kirksey v. Summit Cty. Parking Deck*, 9th Dist. Summit No. 22755, 2005-Ohio-6742, ¶ 11.  "A person's failure to notice an open and obvious condition until after he or she fell does not vitiate the application of the doctrine."  *Breier v. Wal-Mart Stores, Inc.*, 6th Dist. Lucas No. L-08-1327, 2008-Ohio-6945, ¶ 11, citing *Lydic v. Lowe's Cos., Inc.,* 10th Dist. Franklin No. 01AP-1432, 2002-Ohio-5001, ¶ 10. Consequently, " '[a] pedestrian's failure to avoid an obstruction because he or she did not look down is no excuse.' " *Id.*, quoting *Lydic* at ¶ 16. "The law uses an objective, not subjective, standard when determining whether a danger is

open and obvious."  *Sexton*, 4th Dist. Ross No. 11CA3299, 2013-Ohio-482, ¶ 19,

citing *Goode v. Mt. Gillion Baptist Church,* 8th Dist. Cuyahoga No. 87876, 2006-

Ohio-6936, ¶ 25.

**{¶27}** Similar to the trivial defect doctrine, " 'attendant circumstances may

* * * create a genuine issue of material fact as to whether a hazard is open and

obvious.' "  *Strevel v. Fresh Encounter, Inc.*, 4th Dist. Highland No. 15CA5, 2015-

Ohio-5004, ¶ 18, citing *Lang v. Holly Hill Motel, Inc.,* 4th Dist. Jackson No.

06CA18, 2007-Ohio-3898, ¶ 24.

**{¶28}** "Where only one conclusion can be drawn from the established

facts, the issue of whether a risk was open and obvious may be decided by the

court as a matter of law."  (citations omitted) *Ray v. Wal-Mart Stores, Inc.*, 4th

Dist. Washington No. 08CA41, 2009-Ohio-4542, ¶ 29, citing *Anderson v.

Hedstrom Corp.,* 76 F.Supp.2d 422, 441 (S.D. N.Y. 1999), *Vella v. Hyatt Corp.*,

166 F.Supp.2d 1193, 1198 (S.D. Mi. 2001).

B.  Analysis

**{¶29}** Appellant testified that both she and her niece were able to see the

rock after appellant fell, which was five to seven feet away at the time.  The

ability to observe the rock supports the finding that the defect was open and

obvious.  *Wright*, 4th Dist. No. 18CA14, 2019-Ohio-2682, 140 N.E.3d 1, ¶ 29.

And the fact that neither appellant nor her niece claimed to have seen the rock

prior to appellant stepping on it, does not diminish a determination that the defect

is open and obvious.  *Breier*, 6th Dist. Lucas No. L-08-1327, 2008-Ohio-6945, ¶

11.  Finally, appellant did not testify to any attendant circumstances that could

have distracted her from seeing the rock before she stepped on it.  As we stated above, it was midday, and, as appellant indicated, the weather was "beautiful." Therefore, because the rock was an open and obvious defect and there were not attendant circumstances, appellee owed no duty to appellant to protect her from the rock.

CONCLUSION

{¶30} Because reasonable minds would not differ in finding the rock in this case was a trivial defect, as well as and open and obvious defect, appellee owed no duty to protect appellant from the rock.  Therefore, we find that the trial court did not err in granting summary judgment in favor of appellee.  Accordingly, we affirm the trial court's summary judgment in favor of appellee.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hess, J. and Abele, J.:  Concur in Judgment and Opinion.

For the Court,


BY: _____
Kristy S. Wilkin, Judge


**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**