[Cite as *Trowbridge v. Franciscan Univ. of Steubenville*, 2013-Ohio-5770.]

STATE OF OHIO, JEFFERSON COUNTY
IN THE COURT OF APPEALS
SEVENTH DISTRICT

| | | |
|---|---|---|
| THURMAN E. TROWBRIDGE, et al. | ) | CASE NO. 12 JE 33 |
| | ) | |
| PLAINTIFFS-APPELLANTS | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| FRANCISCAN UNIVERSITY OF | ) | |
| STEUBENVILLE, et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLEES | ) | |

CHARACTER OF PROCEEDINGS:          Civil Appeal from the Court of Common
                                   Pleas of Jefferson County, Ohio
                                   Case No. 11 CV 213

JUDGMENT:                          Reversed and Remanded.

APPEARANCES:
For Plaintiff-Appellant,                 Atty. John R. Liber, II
Thurman E. Trowbridge:                   Thrasher, Dinsmore & Dolan
                                         1400 W. 6th Street, Suite 400
                                         Cleveland, Ohio  44113


For Plaintiff-Appellant,                 Atty. Edward Saadi
Ohio Bureau of Workers Compensation:     Edward T. Saadi, LLC
                                         970 Windham Ct., Suite 7
                                         Boardman, Ohio  44512



For Defendants-Appellees:                Atty. Matthew P. Mullen
Franciscan University of Steubenville,   Atty. John P. Maxwell
Jeffrey Gilky, Griffin Brown and         Krugliak Wilkins Griffiths
Gina Motto:                                & Dougherty Co., L.P.A.
                                         158 North Broadway
                                         New Philadelphia, Ohio  44663



JUDGES:
Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

                                         Dated:  December 23, 2013

WAITE, J.

{¶1} This appeal arises from a decision to grant summary judgment entered in the Jefferson County Court of Common Pleas involving a slip and fall complaint filed against Appellee Franciscan University of Steubenville ("the University"). Appellant Thurman Trowbridge filed the negligence complaint after he slipped on a mopped floor in Egan Hall while working his shift as a security guard at the University. The University filed a motion for summary judgment asserting various defenses to negligence. The trial court granted the University's motion on the grounds that the danger was obvious to Appellant because he knew the floor might be wet, and because he assumed the risk of slipping and falling when he knew the floor was wet. Appellant now appeals the trial court's summary judgment decision.

{¶2} The University argues that Appellant had actual knowledge of a dangerous condition, making it open and obvious. Appellant contends that the dangerous condition was not open and obvious because it was unclear whether the floor was actually wet or was just glossy from being waxed. Appellant is correct. The open and obvious doctrine is an objective test and does not rely on the plaintiff's actual subjective knowledge of the condition. The record contains evidence that the dangerous condition of the floor would not have been open and obvious under an objective reasonable person standard, and therefore, summary judgment cannot be granted on that theory. Appellant also argues that even if implied assumption of the risk applies in this case, there is still a jury question as to the comparative fault of the University, and thus, he may be able to recover some damages. Appellant is correct again. Implied assumption of the risk is usually left for the trier of fact to decide, and

there are genuine issues of material fact in dispute about the comparative negligence of the parties in this case. The judgment of the trial court is reversed, and the case is remanded for further proceedings.

Background

**{¶3}** On February 4, 2011, while on duty as an independent contractor security guard at the University, Appellant entered into Egan Hall. He proceeded up the west stairwell, down the hallway to the east stairwell and descended the east stairs. As he stepped off the last step and onto the middle floor landing, he slipped on the floor. He fell and hit the back of his head on the bottom stair, fracturing two vertebrae and incurring severe permanent and debilitating injuries. Appellant was taken to the hospital for treatment. He claims to have seen no posted signs indicating that any of the floors were wet. He claims that he was not positive the floors were actually wet until after he fell and his hand contacted the wet floor.

**{¶4}** The floor on which Appellant had slipped had been recently mopped by student-custodian Griffin Brown. Upon hearing Appellant fall, Brown went to assist him. The record contains a factual dispute as to whether or not Brown had placed "wet floor" signs in the area and as to how much water was on the floor.

**{¶5}** On December 23, 2011, Appellant filed suit against the University for negligence. On October 17, 2012, the University filed a motion for summary judgment. In this motion, the University alleged that the dangerous condition of the floor was open and obvious, that adequate warnings were provided, and that Appellant had assumed the risk that the floor was wet and he voluntarily chose to proceed.

**{¶6}** The trial court held:

Two factual issues can be disposed of, for the purposes of this Motion only because they are in conflict. First, several witnesses claim that adequate "wet floor" signs were posted in the area while other witnesses say they were not. Second, several witnesses testify that the wet floor was obvious to all while other witnesses said they were not. Under Civil Rule 56 both of those issues must be resolved, for the purposes of this Motion alone, in favor of the non-moving party who in this case is the Plaintiff. Therefore, for the purposes of this Motion alone the Court will proceed on a basis of no signage and a wet floor that was not obvious to all.

(12/6/12 J.E.)

**{¶7}** The trial court ultimately decided that summary judgment was proper because Appellant testified that he "mopped a lot of floors in the service and knows what a mopped floor looks like" and that he was able to see the shine on the floor and knew that the floor was either wet or highly waxed. (12/6/12 J.E.) The trial judge decided that Appellant knew the likelihood of the dangerous condition and stepped on the floor despite the danger, and for that reason, entered summary judgment for the University. This timely appeal followed.

<u>ASSIGNMENT OF ERROR</u>

THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE BY GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT,

BECAUSE GENUINE ISSUES OF MATERIAL FACT ARE IN DISPUTE AND APPELLEES ARE NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW.

**{¶8}** Since this appeal comes from a Civ.R. 56(B) motion for summary judgment, this Court must review the decision *de novo,* using the same standards as the trial court as set forth in Civ.R. 56(C). *Brown v. Scioto Bd. of Commrs.,* 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993). Before summary judgment can be granted the court must determine that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most favorably toward the party against whom the motion for summary judgment is made, that conclusion is adverse to the nonmoving party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

**{¶9}** Appellant claimed that the University was negligent in causing the dangerous condition and by not posting signs warning of the wet floor on the stairway landing in Egan Hall. In a negligence action such as this, three elements must be established: (1) the defendant's duty; (2) a breach of that duty; and (3) that the plaintiff's injury proximately arose therefrom. *Menifee v. Ohio Welding Products, Inc.*, 15 Ohio St.3d 75, 472 N.E.2d 707 (1984).

**{¶10}** "The owner of a business has a general duty to exercise ordinary care in maintaining his or her premises in a reasonably safe condition in order to ensure that invitees are not unnecessarily and unreasonably exposed to danger." *Kraft v.*

*Dolgencorp, Inc.*, 7th Dist. No. 06 MA 69, 2007-Ohio-4997, ¶11; *Light v. Ohio Univ.*, 28 Ohio St.3d 66, 68, 502 N.E.2d 611 (1986). Keeping the premises in a reasonably safe condition generally means that a premises owner: (1) must not create a dangerous condition on its premises; and (2) must warn its invitees of latent or concealed dangers, if the premises owner has actual or constructive knowledge of those dangers. *Jackson v. Kings Island*, 58 Ohio St.2d 357, 358, 390 N.E.2d 810 (1979); *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶5.

{¶11} A business owner is not an insurer of its invitees' safety against all forms of accidents that may happen. *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d at 204, 480 N.E.2d 474. Business invitees are expected to take reasonable precautions to avoid dangers that are patent or obvious. *Brinkman v. Ross*, 68 Ohio St.3d 82, 84, 623 N.E.2d 1175 (1993). "Where a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises." *Armstrong* at ¶14. "[T]he open-and-obvious doctrine obviates the duty to warn and acts as a complete bar to any negligence claims." *Id.* at ¶5. "[T]he owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 644, 597 N.E.2d 504 (1992). It is not crucial that the plaintiff did or did not actually observe an open and obvious danger. Instead, "the determinative issue is whether the condition is, under an objective standard, observable." *Thatcher v. Lauffer Ravines, L.L.C.*, 10th Dist. No. 11AP–851, 2012-Ohio-6193, ¶13. Whether or not a dangerous condition is objectively observable as

an open and obvious danger "depends upon the particular circumstances surrounding the hazard." *Olivier v. Leaf & Vine*, 2d Dist. No. 2004 CA 35, 2005-Ohio-1910, ¶31.

**{¶12}** Appellee contends that the open and obvious doctrine applies because Appellant was subjectively aware that there was a high risk that the shiny floor might be wet and slippery. Appellee misconstrues one of the main points of the open and obvious doctrine, which is that the dangerousness of the condition is generally and objectively observable, and not whether the plaintiff actually observed or was aware of the danger prior to the accident. "The law uses an objective, not subjective, standard when determining whether a danger is open and obvious. * * * It is the objective, reasonable person that must find that the danger is not obvious or apparent." *Goode v. Mt. Gillion Baptist Church*, 8th Dist. No. 87876, 2006-Ohio-6936, ¶25; *see also, Thatcher, supra*, ¶13*; Sexton v. Certified Oil Co.*, 4th Dist. No. 11CA3299, 2013-Ohio-482, ¶19; *Jacobsen v. Coon Restoration & Sealants, Inc.*, 5th Dist. No. 2011-CA-00001, 2011-Ohio-3563, ¶19.

**{¶13}** Appellant contends that the open and obvious doctrine does not apply here because there were disputed facts about whether it was objectively obvious that the first floor landing where Appellant fell was actually wet. His argument relies on our opinion in *Kraft, supra*, and other similar opinions. In *Kraft*, a customer shopping in a Dollar General store slipped in a puddle of water that had accumulated in an aisle. The trial court granted summary judgment to Dollar General because Appellant stated in her deposition that the water spanned the width of the aisle, and because a store employee stated that there was a "wet floor" sign posted in the aisle. We

reversed because the evidence was disputed regarding whether the plaintiff knew the water was on the floor prior to falling, and whether she saw any "wet floor" sign. The plaintiff's testimony was that she did not see the water and did not know the water was there. *Id.* at ¶19-20.

{¶14} Although *Kraft* may appear on the surface to apply a subjective test, it does not. Whether a reasonable person would find a hazard open and obvious is usually determined by testimony from actual people who observed the danger. That does not make it a subjective test. In *Kraft*, the evidence consisted of the depositions of the plaintiff and the store manager, and it was that testimony that was used to determine whether an objective, reasonable person would immediately observe the dangerous condition. Their testimony diverged on a number of crucial points, making it impossible to conclude as a matter of law that the wet condition of the floor was, objectively, an open and obvious danger. We also noted that the presence or absence of wet floor signs was not determinative in assessing an open and obvious condition, because "it is the nature of the condition that is presumed to warn the invitee of its danger," rather than warnings about the danger. *Id.* at ¶37.

{¶15} The facts of the instant case are similar. Neither Appellant nor anyone else gave definitive testimony that the shiny appearance of the floor, in and of itself, would objectively indicate that the floor was dangerously slippery or wet. At most, the evidence suggested that the floor might be slippery, not that it obviously was slippery. The trial court was aware that there were disputed facts regarding whether wet floor signs were placed near the spot where the accident occurred, or whether it would have been obvious to all people that the floor was newly mopped. The trial court did

not rely on these disputed facts in granting summary judgment to the University. Based on the state of the record, as the trial court specifically stated, the danger here was not open and obvious to everyone. Summary judgment was not granted on the basis of the "open and obvious" doctrine. We agree with the trial court's assessment of the evidence and legal analysis on this issue.

{¶16} The trial court's judgment entry states that Appellant had knowledge that the floor might be in a dangerous condition, and that he proceeded to step onto it regardless of the danger. These are facts that relate to whether Appellant assumed the risk that the floor was wet, rather than whether the danger was open and obvious. Implied or secondary assumption of risk is defined as a plaintiff's consent to or acquiescence in an appreciated, known, or obvious risk to plaintiff's safety. *Collier v. Northland Swim Club*, 35 Ohio App.3d 35, 518 N.E.2d 1226 (10th Dist.1987), paragraph two of the syllabus. "Assumption of the risk requires three elements: One must have full knowledge of a condition; such condition must be patently dangerous to him; and he must voluntarily expose himself to the hazard created." *Briere v. Lathrop Co.*, 22 Ohio St.2d 166, 174-175, 258 N.E.2d 597 (1970).

{¶17} Implied assumption of the risk is related to a defense of comparative negligence pursuant to Ohio's contributory negligence statute, R.C. 2315.33 (formerly R.C. 2315.19). *Stewart v. Urig*, 176 Ohio App.3d 658, 2008-Ohio-3215, 893 N.E.2d 245, ¶24. Comparative negligence is usually a question of fact determined by the trier of fact. *Brady–Fray v. Toledo Edison Co.*, 6th Dist. No. L-02-1260, 2003-Ohio-3422, ¶19.

{¶18} Appellant's deposition testimony indicates that he knew there was some risk of walking on a highly shined floor:

Q. Okay. So you are saying that the floor was highly shiny?

A. Yes. Very.

Q. Okay. What did you do -- and because you know that it is highly shiny, you know that it could be either wet or waxed, right?

A. Yes.

Q. And you know that, since you have been doing this job for a long time, if it is wet, you have to be very careful because you might slip, correct?

A. Yes.

Q. And you are not going to know that it is wet until you put your foot on it, right?

A. Yes.

Q. So what did you do to keep from falling that day?

A. I didn't have no choice. I had ahold of here, with my right hand. And as soon as I slipped, I just went.

(Trowbridge Depo., pp. 83-84.)

**{¶19}** Even though Appellant's testimony indicates that he was aware there was some risk that the floor was wet, the trier of fact may determine that he did not fully appreciate the extent of the risk. His expectation that there should be signs warning that the floor was wet, the lack of wet floor signs where he fell, the fact that all the other floors along his route were dry, his prior experience patrolling the hallways, and many factors enter into this determination. In addition, his testimony does not establish the degree of his own negligence compared to the possible negligence of the University, particularly if Appellant is credible and a trier of fact believes that there were no "wet floor" signs. There is evidence suggesting that Appellant might have taken more precautions had there been warning signs posted, or might have even retraced his steps and found a different route to continue making his rounds. (Trowbridge Depo., p. 80; 11/14/12 Brief in Opposition to Summary Judgment, Exh. 13, Trowbridge Aff.) Whether or not there were "wet floor" signs is clearly in dispute. This fact is material, and therefore, is a matter for the trier of fact to determine rather than an issue for summary judgment. Since Ohio is a comparative negligence jurisdiction that allows recovery as long as the fault of the plaintiff does not exceed the fault of all the other parties involved, it is possible that Appellant is entitled to some amount of damages even if he was partially at fault. R.C. 2315.33. Because there are disputed facts about whether Appellant fully appreciated the risk and about the comparative negligence of the parties, the case must be remanded to the trial court for further proceedings. Accordingly, Appellant's assignment of error is sustained.

Conclusion

**{¶20}** Appellee sought summary judgment in this slip and fall matter on two grounds: either because the danger was open and obvious, or because Appellant assumed the risk by stepping on a floor that he knew might be wet. The open and obvious doctrine does not apply in this case since there is no indication in the record that an objective reasonable person would have realized the danger was obvious, and the trial court was correct in refusing to grant summary judgment on this ground. While secondary or implied assumption of the risk may apply in this case, it is not necessarily a complete bar to recovery and is usually left to the trier of fact to determine. Because there are material disputed facts concerning the extent of Appellant's appreciation of the risk and the degree of each of the parties' contributory negligence in causing the accident, the matter was not ripe for summary judgment. Appellant's assignment of error is sustained and the judgment of the trial court is reversed. The case is remanded for further proceedings.

Donofrio, J., concurs.

DeGenaro, P.J., concurs.