DECISION AND JUDGMENT ENTRY
{¶ 1} Appellants, Marcia Breier and David Breier, appeal the June 18, 2008 judgment of the Lucas County Court of Common Pleas which granted summary judgment to appellees, Wal-Mart, Inc. and Wal-Mart Real Estate Business Trust, on appellants' claims stemming from a trip and fall. Because we find that no issues of fact remain, we affirm the trial court's judgment. *Page 2 
 {¶ 2} A brief recitation of the facts is as follows. On May 16, 2007, at approximately 12:40 p.m., appellant, Marcia Breier ("appellant"), was walking in the parking lot of the Wal-Mart store located in Oregon, Lucas County, Ohio, when she fell and sustained injuries. The apparent cause of her fall was a rock approximately 2 inches in diameter.
 {¶ 3} On July 31, 2007, appellants commenced the instant action alleging negligence and, as to David Breier, a claim for loss of his wife's consortium. On January 10, 2008, following the depositions of appellant and several Wal-Mart employees, appellees filed their motion for summary judgment. Appellees argued that the rock was an open and obvious hazard and that there was no evidence as to the length of time the rock had been in the parking lot so as to put Wal-Mart employees on notice of its existence. In opposition, appellants argued that issues of fact remained regarding whether Wal-Mart breached its duty to inspect the parking lot and protect business invitees from unforeseen dangers. Appellants further argued that the open and obvious doctrine was inapplicable due to attendant circumstances; specifically, the parking lot's heavy traffic flow that diverted appellant's attention and the coloration of the rock.
 {¶ 4} On June 18, 2008, the trial court granted appellees' motion. The court found that the rock appellant tripped upon was open and obvious and that the traffic in the parking lot was not an attendant circumstance. The court further concluded that, even assuming appellees had a duty to appellant, there was no evidence that appellees had notice or constructive notice of the rock. This appeal followed. *Page 3 
 {¶ 5} Appellants now raise the following assignment of error for our review:
 {¶ 6} "I. The trial court erred as a matter of law by granting summary judgment when issues of material fact exist as to whether appellees failed to protect Mrs. Breier from an unreasonably hazardous condition in a high traffic area of its parking lot."
 {¶ 7} We first note that appellate review of a trial court's grant of summary judgment is de novo. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336. Accordingly, we review the trial court's grant of summary judgment independently and without deference to the trial court's determination. Brown v. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711. Summary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66; Civ. R. 56(C). The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. Dresher v. Burt, 75 Ohio St.3d 280, 294, 1996-Ohio-107. However, once the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ. R. 56(E). *Page 4 
 {¶ 8} In their sole assignment of error, appellants first contend that the open and obvious doctrine is inapplicable because appellant did not see the rock prior to her fall and that she was distracted by the potential traffic hazard.
 {¶ 9} It is undisputed that appellant was a business invitee on appellees' premises. As such, appellees had a "duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers." Armstrong v. Best BuyCo., Inc., 99 Ohio St.3d 79, 2003-Ohio-2573, ¶ 5.
 {¶ 10} In general, "[t]he `open and obvious' doctrine states that an owner or occupier of property owes no duty to warn invitees entering the property of open and obvious dangers on the property. Sidle v.Humphrey (1968), 13 Ohio St.2d 45, at paragraph one of the syllabus;Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203. The rationale behind the doctrine is that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves."Simmers v. Bentley Constr. Co., 64 Ohio St.3d 642, 644, 1992-Ohio-42. When applicable, the doctrine "acts as a complete bar to any negligence claims." Armstrong, 99 Ohio St.3d 79, at ¶ 5.
 {¶ 11} A person's failure to notice an open and obvious condition until after he or she fell does not vitiate the application of the doctrine. Lydic v. Lowe's Cos., Inc., 10th Dist. No. 01AP-1432, 2002-Ohio-5001, ¶ 10. The relevant inquiry is whether the condition was observable. Thus, "[a] pedestrian's failure to avoid an obstruction because *Page 5 
he or she did not look down is no excuse." Id. at ¶ 16, citingJeswald v. Hutt (1968), 15 Ohio St.2d 224.
 {¶ 12} An exception to the doctrine may arise where, despite a plaintiffs admission of a failure to look down, attendant circumstances distracted him or her. "An attendant circumstance is a factor that contributes to the fall and is beyond the control of the injured party."Cooper v. Meijer Stores Ltd. Partnership, 10th Dist. No. 07AP-201,2007-Ohio-6086, ¶ 15, citing Backus v. Giant Eagle, Inc. (1996), 115 Ohio App.3d 155, 158. Such circumstances may include "poor lighting, large volume of pedestrian traffic, heavy vehicular traffic, visibility of the defect, the overall condition of the walkway, and whether the accident site is such that one's attention would be easily distracted."Stinson v. Kirk, 6th Dist. No. OT-06-044, 2007-Ohio-3465, ¶ 25, citingHumphries v. C.B. Richard Ellis, Inc., 10th Dist. No. 05AP-483,2005-Ohio-6105, ¶ 20. To circumvent the open and obvious doctrine and prevent summary judgment, the attendant circumstance must substantially increase the risk of harm; in other words, the attendant circumstance must distract the attention of the pedestrian to the degree that a minor defect is raised to a "substantial and dangerous" defect. Id. at ¶ 24-25.
 {¶ 13} In her deposition, appellant stated that she had been to the Oregon, Ohio, Wal-Mart store approximately once weekly or once bi-weekly since the store opened. Appellant testified that on the day in question she was entering the Wal-Mart store at the far right entrance. Appellant acknowledged that there was construction occurring at the far left side of the building. It was a dry, sunny day and appellant's hands were free. *Page 6 
Appellant stated that she felt something roll under her foot and she fell forward on her right arm; after falling, she noticed a two-inch rock at the bottom of her foot. At the time of her fall, appellant was still on the blacktop in one of the lanes of traffic next to the sidewalk. Appellant testified that prior to entering the lanes of traffic she looked both ways to make certain that it was safe to cross. Appellant admitted that if she had been looking down she would have seen the rock.
 {¶ 14} In his deposition, Wal-Mart store manager, William Murray, stated that the store experiences steady traffic throughout the day. Murray testified that on the date of the incident, the traffic was "[n]o heavier than any other day[.]"
 {¶ 15} Regarding the visibility of the rock, Murray stated that the rock was brown and that the pavement was black. The photographs of the rock (admitted as exhibits), corroborated Murray's testimony. Murray stated that he believed that the rock could have been observed from a great distance because "there was nothing else there other than that rock."
 {¶ 16} Based on the foregoing, we find that the rock was open and obvious and, as such, appellees did not breach their duty of care to appellant. The day of the accident was clear and dry, appellant had been to the store on numerous occasions, the traffic in front of the store was typical, and the rock was easily discernable.
 {¶ 17} We further find that appellant failed to establish that appellees had either notice or constructive notice of the rock. Several store employees testified that, at the *Page 7 
time of appellant's fall, an addition was being constructed on the west side of the store. The rock at issue was located on the east side of the store.
 {¶ 18} At the time of appellant's fall, the parking lot was swept nightly by an independent maintenance company. Further, the construction company conducted regular cleaning of the construction area. Wal-Mart employees, specifically, cart pushers would regularly examine the parking lot for debris and remove it. Robert Boedell, the cart pusher on duty on the date of the accident, testified that had he observed the rock at issue, he would have removed it.
 {¶ 19} Accordingly, because appellees did not breach their duty of care to appellant, we find no genuine issues of fact remain and that the trial court did not err when it granted summary judgment. Appellants' assignment of error is not well-taken.
 {¶ 20} On consideration whereof, we find that substantial justice was done the parties complaining and that the judgment of the Lucas County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 8 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., William J. Skow, J., CONCUR. *Page 1