[Cite as *Jacobsen v. Coon Restoration & Sealants, Inc.*, 2011-Ohio-3563.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| CINDY AND NILES JACOBSEN | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiffs-Appellants | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2011-CA-00001 |
| COON RESTORATION & | : |  |
| SEALANTS, INC. AND | : |  |
| NORTHMARK, INC. | : | O P I N I O N |
|  |  |  |
| Defendants-Appellees |  |  |

CHARACTER OF PROCEEDING:     Civil appeal from the Stark County Court of Common Pleas, Case No. 2010CV01468

JUDGMENT:     Reversed and Remanded

DATE OF JUDGMENT ENTRY:     July 18, 2011

APPEARANCES:

For Plaintiffs-Appellants

JOHN J. REAGAN
MARK C. LINDSEY
3412 W. Market Street
Akron, OH 44333

For Defendants-Appellees

CRAIG G. PELINI
Bretton Commons - Ste. 400
8040 Cleveland Avenue N.W.
North Canton, OH 44720

*Gwin, P.J.*

{¶1} Plaintiffs-appellants Cindy and Niles Jacobsen appeal a summary judgment of the Court of Common Pleas of Stark County, Ohio, entered in favor of defendant-appellee Northmark, Inc. on appellants' premises liability and lost consortium claims. Appellants voluntarily dismissed their claims against defendant Coon Restoration & Sealants Inc. and it is not a party to this appeal.

{¶2} Appellants assign two errors to the trial court:

{¶3} "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANT, NORTHMARK, INC. IN FINDING THAT THE CONDITION OF THE BROKEN METAL SIGN POST WAS OPEN AND OBVIOUS.

{¶4} "II. THE TRIAL COURT ERRED IN FINDING THAT NO GENUINE ISSUES OF MATERIAL FACT EXISTED AS TO WHETHER ATTENDANT CIRCUMSTANCES WERE PRESENT WHEN PLAINTIFF CINDY JACOBSEN FELL, WHICH WOULD NEGATE THE OPEN AND OBVIOUS DOCTRINE."

{¶5} The issue in this case is whether the court properly granted summary judgment in finding the condition of the parking lot was open and obvious. For the reasons that follow, we find the court erred.

{¶6} The record indicates appellants went to a pizza shop in Louisville, Stark County, Ohio, to pick up a pizza they had ordered. Immediately adjacent to the pizza shop is a gas station, and the parking lots of the two businesses are separated only by parking bumpers. Appellants parked in the gas station's parking lot, and appellant Cindy Jacobsen walked into the pizza shop to get their pizza. As she returned to her vehicle, she tripped over a broken metal sign post protruding from a small area of dry,

dead grass in the parking lot. Appellant testified she was holding the pizza box in front of her and could not see the ground directly in front of her. Appellants alleged Cindy Jacobsen fell and was seriously injured.

{¶7} The trial court found it was questionable whether appellee owned the area in which appellant fell, but determined summary judgment was appropriate nonetheless. The owner of the pizza shop testified she rented the premises from appellee. She had notified appellee that at some time the preceding winter, a snow plow had knocked over and broken a handicapped parking sign in the parking lot. Apparently, appellee had removed the sign and a portion of the metal post, but a small portion was left.

{¶8} The trial court found the danger on the premises was open and obvious, and thus, appellee owed no duty of care to warn appellants of the condition. The court found although the metal stump was located in dead grass, the grass did not conceal it. The court found the stump sticking out of the ground was a different color than the surrounding area. The trial court also found there were no attendant circumstances present to create a question of fact regarding whether the condition was open and obvious.

{¶9} The court found appellant Cindy Jacobsen chose to carry the pizza box in such a manner that prevented her from watching where she was walking, and because this was within Jacobsen's control, it did not constitute an attendant circumstance. The court also found the dead grass surrounding the metal stump did not prevent appellant from observing the open and obvious danger, because she testified the grass was visible to her after she had fallen.

{¶10} Civ. R. 56 states in pertinent part:

{¶11} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

{¶12} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts, *Houndshell v. American States Insurance Company* (1981), 67 Ohio St. 2d 427. The court may not resolve ambiguities in the evidence presented, *Inland Refuse Transfer Company v. Browning-Ferris Industries of Ohio, Inc.* (1984), 15 Ohio St. 3d 321. A fact is material if it affects the outcome of the case under the applicable substantive law, *Russell v. Interim Personnel, Inc.* (1999), 135 Ohio App. 3d 301.

{¶13} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court, *Smiddy v. The*

*Wedding Party, Inc.* (1987), 30 Ohio St. 3d 35. This means we review the matter de novo, *Doe v. Shaffer,* 90 Ohio St.3d 388, 2000-Ohio-186.

{¶14} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim, *Drescher v. Burt* (1996), 75 Ohio St. 3d 280. Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist, Id. The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary material showing a genuine dispute over material facts, *Henkle v. Henkle* (1991), 75 Ohio App. 3d 732.

{¶15} The concept of open and obvious can be a confusing one. In *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573, 788 N.E. 2d 1088, the Ohio Supreme Court refused to abrogate the open and obvious doctrine as a complete bar to a plaintiff's recovery. The Supreme Court found a premises owner owes no duty to persons entering the premises regarding dangers that open and obvious. *Armstrong* at paragraph 5, citing *Sidle v. Humphrey* (1968), 13 Ohio St. 2d 45,233 N.E. 2d 589, paragraph 1 of the syllabus by the court.

{¶16} The open and obvious doctrine addresses only the question of duty, without analyzing the actions of the landowner or of the plaintiff. The Supreme Court explained the open and obvious nature of the hazard itself is the warning, and an owner or occupier may reasonably expect persons entering the premises will discover the dangers and take appropriate measures to protect themselves. *Armstrong,* paragraph

5, citing *Simmers v. Bentley Construction Company* (1992), 64 Ohio St. 3d. 642, 644, 597 N.E. 2d 504.

**{¶17}** This contrasts with an owner or occupier's affirmative duty to its business invitees to exercise ordinary care in maintaining its premises in a reasonably safe condition, and to warn the invitees of hidden or latent dangers. Id., citing *Pascal v. Rite Aid Pharmacy, Inc.* (1985), 18 Ohio St. 3d 203, 480 N.E. 2d 474 and *Jackson v. Kings Island* (1979), 58 Ohio St. 2d 357, 390 N.E. 2d 810.

**{¶18}** The Supreme Court in *Armstrong* reaffirmed the open and obvious doctrine, directing courts to apply the rule by focusing solely on the issue of duty. A court should consider the nature of the condition itself as opposed to the plaintiff's conduct in encountering it, and the fact that the plaintiff may have been unreasonable in choosing to encounter the danger is not what relieves a property owner of liability. *Armstrong* at paragraph 13, citations deleted. The Ohio Supreme Court explained: "***the open-and-obvious doctrine is not concerned with causation but rather stems from the landowner's duty to persons injured on his or her property. By failing to recognize the distinction between duty and proximate cause, we believe *** courts have prematurely reached the issues of fault and causation." *Armstrong* at paragraph 12.

**{¶19}** This means the question of whether a given hazard is open and obvious is an objective one, requiring a court to determine whether a reasonable invitee exercising ordinary care would have been able to observe and appreciate the dangerous condition. The question of whether something is open and obvious cannot always be decided as a matter of law. *Collins v. McDonald's Corporation*, Cuyahoga App. No. 83282, 2004-Ohio-4074, citing *Texler v. D. O. Summers Cleaners & Laundry Co.,* 81 Ohio St. 3d 677,

1998-Ohio-602. Attendant circumstances surrounding an incident may create a material issue of fact as to whether the danger was open and obvious. *Louderback v. McDonald's Restaurant,* Scioto App. No. 04CA2981, 2005-Ohio- 3926.

{¶20} The analysis of attendant circumstances also uses an objective test, and a court should not consider the particular actions of the parties in the case. Attendant circumstances are distractions that divert the attention of a reasonable person and reduce the amount of care the person would reasonably exercise. *McGuire v. Sears Roebuck & Co.* (1996), 18 Ohio App. 3d 494, 693 N.E. 2d 807. Attendant circumstances are circumstances that significantly enhance the danger of the defect or hazard and contribute to the injury. *Stockhauser v. Arch Diocese of Cincinnati* (1994), 97 Ohio App. 3d 29, 646 N.E. 2d 198. Attendant circumstances include time, place, surroundings, and other conditions that unreasonably increase a typical risk. *Cash v. Cincinnati* (1981), 66 Ohio St. 2d 319, 421 N.E. 2d 1275.

I & II

{¶21} With the above in mind, we find the trial court erred in entering summary judgment, because we find reasonable minds could differ on the question of whether the condition was open and obvious.

{¶22} Here, the trial court improperly focused on appellant's actions. The court found appellant had chosen to carry the pizza box in such a manner that she could not watch where she was walking. We find this is not relevant to determining whether the hazard was open and obvious. Neither is the fact appellants may have chosen to park their vehicle farther than necessary from the pizza shop door. The place appellants parked and the manner in which appellant chose to carry her pizza may become issues

for comparative negligence, but these facts are not relevant in determining whether a hazard is open and obvious. The fact that a plaintiff may have been unreasonable in choosing to encounter the hazard is not what relieves the property owner of liability in an open and obvious situation. *Armstrong* at paragraph 13, citations deleted.

**{¶23}** However, the fact that patrons might generally carry pizzas across the parking lot may be considered an attendant circumstance.

**{¶24}** The court also found after the fact appellant was able to observe the metal stump and was able to see the grass and the metal stump in the photograph appellants had taken after she fell. This is not necessarily determinative of whether the stump was open and obvious.

**{¶25}** The Tenth District Court of Appeals opined, "[t]here exist few substances that are completely invisible when one knows to look for it and is looking directly at it." *Szerszen v. Summit Chase Condominiums*, Franklin App. No. 09AP-1183, 2010–Ohio–4518 at paragraph 16. In *Middleton v. Meijer*, *Inc.* Montgomery App No. 23789, 2010–Ohio–3244, Judge Grady, in concurring, found the fact a puddle of water on a store floor was observable on subsequent examination may be determinative of whether the plaintiff should have seen it, but not whether it was as open and obvious a matter of law. Id at paragraph 12.

**{¶26}** In *Kraft, v. Dolgencorp Inc.* Mahoning App. No. 06-MA-69, 2007-Ohio-4997, the plaintiff slipped in a puddle of water on a store floor. The Seventh District Court of Appeals noted factors in an open and obvious analysis can be whether store patrons had sufficient advance opportunity to perceive the hazard before encountering

it, and whether a reasonable person would have some expectation of encountering such a hazard.

**{¶27}** We find reasonable minds could differ regarding whether the metal stump in the parking lot was open and obvious, and whether a reasonable person under the prevailing attendant circumstances would have expected and discovered the danger, and taken precautions to avoid it.

**{¶28}** Each of the assignments of error is sustained.

**{¶29}** For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion.

By: Gwin, P.J., and

Delaney, J., concur;

Wise, J., dissents

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

WSG:clw 0614                                  _____
                                             HON. PATRICIA A. DELANEY

*Wise, J. dissenting*

**{¶30}** I respectfully dissent from the majority decision that the trial court herein improperly focused on appellant's actions.

**{¶31}** I find that the trial court conducted a proper analysis under *Armstrong v. Best Buy Co.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, finding that the metal stake was sticking out of the ground, that it was not concealed by the dead grass located nearby, and that it was a different color than the surrounding area. The trial court determined that the piece of metal was clearly discoverable and readily observable, and concluded that the danger in the case sub judice was open and obvious.

**{¶32}** The trial court then went on to address whether any "attendant circumstances" negated the application of the open and obvious doctrine. An attendant circumstance is a factor that contributes to the fall and is beyond the injured person's control. *See Backus v. Giant Eagle, Inc.* (1996), 115 Ohio App.3d 155, 158, 684 N.E.2d 1273. Attendant circumstances do not include the individual's activity at the moment of the fall, unless the individual's attention was diverted by an unusual circumstance of the property owner's making. *McGuire v. Sears, Roebuck & Co.* (1996), 118 Ohio App.3d 494, 498, 693 N.E.2d 807. Based on these cases, the trial court found that the fact that appellant was carrying a pizza box at the time she tripped and fell could not be considered an "attendant circumstance."

{¶33} As such, I would affirm the decision of the trial court granting summary judgment in favor of appellee.

_____
JUDGE JOHN W. WISE

[Cite as *Jacobsen v. Coon Restoration & Sealants, Inc.*, 2011-Ohio-3563.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CINDY AND NILES JACOBSEN | : | |
| | : | |
| Plaintiffs-Appellants | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| COON RESTORATION & | : | |
| SEALANTS, INC. AND | : | |
| NORTHMARK, INC. | : | |
| | : | |
| | : | |
| Defendants-Appellees | : | CASE NO. 2011-CA-00001 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion.  Costs to appellee.

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

_____
HON. PATRICIA A. DELANEY