[Cite as *Mulcahy v. Best Buy Stores, LP*, 2014-Ohio-1163.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| MARK J. MULCAHY | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 13CAE060051 |
| | : | |
| BEST BUY STORES, LP, ET AL | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Delaware County Court
of Common Pleas, Case No.
12CVC070858

JUDGMENT:      REVERSED AND REMANDED

DATE OF JUDGMENT ENTRY:      March 3, 2014

APPEARANCES:

For Plaintiff-Appellant:                 For Defendant-Appellee:

STEVEN D. ROWE                        TODD A. GRAY
ANDREW P. SCHABO                  JEFFREY E. DUBIN
KEMP, SCHAEFFER & ROWE CO.,       MANNION & GRAY CO., LPA
LPA                                     1375 E. Ninth St., 16th Floor
88 W. Mound St.                        Cleveland, OH 44114
Columbus, OH 43215

*Delaney, J.*

{¶1} Plaintiffs-Appellants Mark and Christine Mulcahy appeal the June 6, 2013 judgment entry of the Delaware County Court of Common Pleas granting summary judgment in favor of Defendant-Appellee Best Buy Stores, LP.

**FACTS AND PROCEDURAL HISTORY**

{¶2} On Sunday, August 1, 2010, Plaintiff-Appellant Mark Mulcahy went to the Best Buy store located in Delaware County, Ohio, to purchase a vacuum cleaner. Mulcahy had been to and made purchases at that Best Buy store on several occasions before August 1, 2010. Mulcahy knew the brand of vacuum he wished to purchase. The vacuum was stored in a cardboard box estimated to be 30 inches long and 14 inches wide. He selected the vacuum and proceeded immediately to the checkout area, carrying the box in his hands. Best Buy provides shopping carts for its customers but Mulcahy chose not to use a cart. The box weighed approximately 10 to 12 pounds. Mulcahy carried the box directly in front of him at eye-level. A witness saw Mulcahy carrying the box and it was higher than his head.

{¶3} On August 1, 2010, the Best Buy checkout area was configured with a middle aisle and cash registers running along one side of the aisle and standing fixtures aligned on the other side of the aisle. Best Buy used the standing fixtures to display merchandise such as gift cards and batteries. The vertical portion of the standing fixture, approximately five feet tall, was used to hang the merchandise on hooks. The standing fixture had a bottom shelf. The bottom shelf came out approximately one to two feet. The bottom shelf was one inch from the floor. The floor of the checkout area

was black with a light colored strip down the middle. The standing fixture was light colored.

{¶4}   While walking towards the cash register in the checkout area, Mulcahy observed a customer squatting down on the right side of the aisle in the checkout area. Mulcahy stepped to the left of the customer to move around him. Mulcahy shifted the box from the right side of his body to his left side.

{¶5}   On August 1, 2010, the standing fixture in the checkout aisle on Mulcahy's left side did not have any merchandise on it. As Mulcahy walked in the checkout aisle while carrying the vacuum cleaner box in his hands, he caught his left sandal on the bottom shelf of the empty standing fixture. He fell with his left knee landing on the bottom shelf of the standing fixture and his body falling backwards. His foot came out from under the bottom shelf and he rolled over into the aisle. After he fell, Mulcahy saw it was the bottom shelf of the standing fixture that caused him to fall.

{¶6}   Mulcahy suffered pain in his leg after he fell. The Best Buy staff contacted an emergency squad, but Mulcahy was able to drive himself home and a friend drove Mulcahy to the emergency room. The physicians diagnosed Mulcahy with a ruptured left quadricep tendon, requiring surgery and physical therapy.

{¶7}   Mulcahy filed a personal injury complaint against Defendant-Appellee Best Buy Stores, LP in the Delaware County Court of Common Pleas.  The complaint argued Best Buy was liable for Mulcahy's injuries and Plaintiff-Appellant Christine Mulcahy raised a loss of consortium claim. On April 24, 2013, Best Buy filed a motion for summary judgment. Mulcahy responded and Best Buy replied. Filed in support of the motion for summary judgment and opposition to the motion for summary judgment were

photographs taken by the Best Buy security camera at the time of Mulcahy's fall. The photographs show Mulcahy laying in the checkout aisle after his fall. The standing fixture Mulcahy tripped on is visible in the photograph.

{¶8}   On June 6, 2013, the trial court granted summary judgment in favor of Best Buy.

{¶9}   It is from this decision Mulcahy appeals.

## ASSIGNMENT OF ERROR

{¶10} Mulcahy raises one Assignment of Error:

{¶11} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT GRANTED SUMMARY JUDGMENT IN FAVOR OF APPELLEE BEST BUY STORES LP."

## ANALYSIS

### *Standard of Review*

{¶12} Mulcahy's Assignment of Error regards the trial court's grant of summary judgment in favor of Best Buy. We refer to Civ.R. 56(C) in reviewing a motion for summary judgment which provides, in pertinent part:

Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or

stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶13} The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court, which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt,* 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). The nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a "triable issue of fact" exists. *Mitseff v. Wheeler,* 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801 (1988).

{¶14} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. *Vahila v. Hall,* 77 Ohio St.3d 421, 429, 674 N.E.2d 1164 (1997), citing *Dresher v. Burt,* 75 Ohio St.3d 280, 662 N.E.2d 264 (1996).

### *Business Invitee*

{¶15} The issue in this case is whether Best Buy was negligent. In order to establish a claim for negligence, a plaintiff must show: (1) a duty on the part of defendant to protect the plaintiff from injury; (2) a breach of that duty; and (3) an injury proximately resulting from the breach. *Jeffers v. Olexo,* 43 Ohio St.3d 140, 142, 539 N.E.2d 614 (1989).

{¶16} In a premises liability case, the relationship between the owner or occupier of the premises and the injured party determines the duty owed. *Gladon v. Greater Cleveland Regional Transit Auth.,* 75 Ohio St.3d 312, 315, 1996-Ohio-137, 662 N.E.2d 287; *Shump v. First Continental–Robinwood Assocs.,* 71 Ohio St.3d 414, 417, 644 N.E.2d 291 (1994). Ohio adheres to the common-law classifications of invitee, licensee, and trespasser in cases of premises liability. *Shump, supra*; *Boydston v. Norfolk S. Corp.,* 73 Ohio App.3d 727, 733, 598 N.E.2d 171, 175 (4th Dist.1991).

{¶17} There is no dispute between the parties that on August 1, 2010, Mulcahy was a business invitee. An invitee is defined as a person who rightfully enters and remains on the premises of another at the express or implied invitation of the owner and for a purpose beneficial to the owner. *Broka v. Cornell's IGA Foodliner Inc.*, 5th Dist. No. 12CA100, 2013-Ohio-2506, ¶ 20 citing *Gladon, supra* at 315.  The owner or occupier of the premises owes the invitee a duty to exercise ordinary care to maintain its premises in a reasonably safe condition, such that its invitees will not unreasonably or unnecessarily be exposed to danger. *Paschal v. Rite Aid Pharmacy, Inc.,* 18 Ohio St.3d 203, 480 N.E.2d 474 (1985).  A premises owner must warn its invitees of latent or concealed dangers if the owner knows or has reason to know of the hidden dangers. *See Jackson v. Kings Island* 58 Ohio St.2d 357, 358, 390 N.E.2d 810 (1979). However, a premises owner is not an insurer of its invitees' safety against all forms of accidents that may happen. *Paschal, supra* at 204. Invitees are expected to take reasonable precautions to avoid dangers that are patent or obvious. *See Brinkman v. Ross,* 68 Ohio St.3d 82, 84, 623 N.E.2d 1175 (1993); *Sidle v. Humphrey* 13 Ohio St.2d 45, 233 N.E.2d 589 (1968), paragraph one of the syllabus.

## *Duty*

## Open and Obvious

{¶18} The business owner is not an insurer of the customer's safety, but it does owe the business invitee a duty of ordinary care to maintain the premises in a reasonably safe condition and to warn of hidden dangers. Under Ohio law, however, a business owner owes no duty to protect an invitee from dangers that are known to the invitee or are so obvious and apparent to the invitee that he or she may be reasonably expected to discover them and protect him or her against them. *Sidle v. Humphrey*, 13 Ohio St.2d 45, 48, 233 N.E.2d 589 (1968). In *Armstrong v. Best Buy Company, Inc.,* the Ohio Supreme Court found a premises owner owes no duty to persons entering the premises regarding dangers that open and obvious. 99 Ohio St.3d 79, 2003–Ohio–2573, 788 N.E.2d 1088, paragraph 5 of the syllabus, citing *Sidle v. Humphrey*, 13 Ohio St.2d 45, 233 N.E.2d 589 (1968), paragraph 1 of the syllabus by the court. The rationale of the open and obvious doctrine is that the open and obvious nature of the hazard itself serves as a warning, so that owners reasonably may expect their invitees to discover the hazard and take appropriate measures to protect themselves against it. *Simmers v. Bentley Constr. Co.,* 64 Ohio St.3d 642, 644, 597 N.E.2d 504 (1992).

{¶19} When considering whether a condition is open and obvious, the court must consider the nature of the condition itself, not the plaintiff's conduct in encountering the condition. *Jacobsen v. Coon Restoration & Sealants, Inc.*, 5th Dist. Stark No. 2011-CA-00001, 2011-Ohio-3563, ¶ 18 citing *Armstrong, supra*. The dangerous condition at issue, however, does not actually have to be observed by the plaintiff to be an open and obvious condition under the law. *Kraft v. Johnny Biggs*

*Mansfield, LLC*, 5th Dist. Richland No. 2012 CA 0068, 2012-Ohio-5502, ¶ 16 citing *Aycock v. Sandy Valley Church of God*, 5th Dist. Tuscarawas No. 2006 AP 09 0054, 2008-Ohio-105. The determinative issue is whether the condition is observable. *Id.*

Attendant Circumstances

{¶20} An exception to the open and obvious doctrine is the existence of attendant circumstances. Attendant circumstances may exist which distract an individual from exercising the degree of care an ordinary person would have exercised to avoid the danger, and "may create a genuine issue of material fact as to whether a hazard is open and obvious." *Aycock v. Sandy Valley Church of God,* at ¶ 26. There is no precise definition of attendant circumstances. *Carter v. Miles Supermarket*, 8th Dist. Cuyahoga No. 95024, 2010-Ohio-6365, ¶ 18. Attendant circumstances are factors that contribute to a fall and are beyond the injured person's control. *Kraft*, at ¶ 24. The analysis of attendant circumstances also uses an objective test and the court should not consider the particular actions of the parties in the case. *Jacobsen*, at ¶ 20. Attendant circumstances do not include any circumstance existing at the moment of a fall, unless the individual was distracted by an unusual circumstance created by the property owner. *Kraft*, at ¶ 24 citing *McGuire v. Sears, Roebuck & Co.*, 118 Ohio App.3d 494, 498, 693 N.E.2d 807 (1st Dist. 1996).

***Duty of Best Buy***

Was the Bottom Shelf of the Standing Fixture Open and Obvious?

{¶21} The trial court determined there was no genuine issue of material fact that the standing fixture was open and obvious and when Mulcahy chose to carry the box in his line of vision, there were no attendant circumstances to create an exception to the

open and obvious doctrine. Upon our de novo review of the Civ.R. 56 evidence presented, we find reasonable minds could differ on whether the bottom shelf of the standing fixture was an open and obvious condition.

{¶22} This court analyzed a similar factual situation involving a business invitee carrying a box that obstructed her vision of a hazard on the ground. In *Jacobsen v. Coon Restoration & Sealants, Inc.*, 5th Dist. Stark No. 2011-CA-00001, 2011-Ohio-3563, the plaintiff parked her car in the parking lot and walked into a pizza shop to get her pizza. As she returned to her vehicle, she tripped over a broken metal signpost protruding from a small area of dry, dead grass in the parking lot. The plaintiff fell to the ground and seriously injured herself. The plaintiff testified she was holding the pizza box in front of her and could not see the ground directly in front of her. *Id.* at ¶ 6.

{¶23} We reversed the judgment of the trial court that granted summary judgment in favor of the business owner. We held:

> Here, the trial court improperly focused on appellant's actions. The court found appellant had chosen to carry the pizza box in such a manner that she could not watch where she was walking. We find this is not relevant to determining whether the hazard was open and obvious. Neither is the fact appellants may have chosen to park their vehicle farther than necessary from the pizza shop door. The place appellants parked and the manner in which appellant chose to carry her pizza may become issues for comparative negligence, but these facts are not relevant in determining whether a hazard is open and obvious. The fact that a plaintiff may have been unreasonable in choosing to encounter the hazard is not

what relieves the property owner of liability in an open and obvious situation. *Armstrong* at paragraph 13, citations deleted.

However, the fact that patrons might generally carry pizzas across the parking lot may be considered an attendant circumstance.

The court also found after the fact appellant was able to observe the metal stump and was able to see the grass and the metal stump in the photograph appellants had taken after she fell. This is not necessarily determinative of whether the stump was open and obvious.

The Tenth District Court of Appeals opined, "[t]here exist few substances that are completely invisible when one knows to look for it and is looking directly at it." *Szerszen v. Summit Chase Condominiums,* Franklin App. No. 09AP–1183, 2010–Ohio–4518 at paragraph 16. In *Middleton v. Meijer, Inc.* Montgomery App No. 23789, 2010–Ohio–3244, Judge Grady, in concurring, found the fact a puddle of water on a store floor was observable on subsequent examination may be determinative of whether the plaintiff should have seen it, but not whether it was as open and obvious a matter of law. *Id* at paragraph 12.

In *Kraft, v. Dolgencorp Inc.* Mahoning App. No. 06–MA–69, 2007-Ohio-4997, the plaintiff slipped in a puddle of water on a store floor. The Seventh District Court of Appeals noted factors in an open and obvious analysis can be whether store patrons had sufficient advance opportunity to perceive the hazard before encountering it, and whether a reasonable person would have some expectation of encountering such a hazard.

We find reasonable minds could differ regarding whether the metal stump in the parking lot was open and obvious, and whether a reasonable person under the prevailing attendant circumstances would have expected and discovered the danger, and taken precautions to avoid it.

Id. at ¶ 22-27.

{¶24} The analysis in *Jacobsen* is applicable to the present case. In this case, the trial court analyzed the standing fixture as a whole to determine whether it was an open and obvious hazard for a reasonable person to avoid. The hazard, however, was not the complete standing fixture but the bottom shelf of the standing fixture. We find reasonable minds could disagree as to whether the bottom shelf was an open and obvious condition to a customer walking in the checkout aisle. The bottom shelf came out from the vertical portion of the standing fixture approximately one to two feet. The bottom shelf was approximately one inch from the ground. The photographs of the scene provided as Civ.R. 56 evidence show the standing fixture is light colored, while the floor is dark colored. The trial court noted the difference in color between the floor and standing fixture to support its decision that the standing fixture was open and obvious. The photographs, however, also show a light colored strip of flooring running down the middle of the checkout aisle. The photographs show Mulcahy laying on the white strip of the floor after his fall. The bottom shelf is light colored, similar to the light colored strip on the floor.

{¶25} The trial court states that Mulcahy's choice to carry the box so as to obstruct his view of the floor did not create an attendant circumstance. Best Buy sells products that come in larger boxes, such as vacuums. Shopping carts are available to customers but the customer is not required to use the shopping cart. As we stated in

*Jacobsen*, the fact that customers of Best Buy might carry a larger box in their arms to the checkout aisle could be considered an attendant circumstance.

{¶26} Mulcahy argued the lack of merchandise on the standing fixture made the standing fixture an unreasonably safe condition. Following the line of attendant circumstance analysis, the trial court found the lack of merchandise on the standing fixture was not a distraction to a reasonable customer.

{¶27} The First District Court of Appeals analyzed the "distraction" exception to the open and obvious doctrine in *Armentrout v. Associated Dry Goods Corp.*, 1st Dist. Hamilton No. C-890784, 1991 WL 1391 (Jan. 9, 1991). In that case, the plaintiff walked into a department store and immediately saw a cosmetics display to her left. She entered the display booth to view a computer monitor showing images of the cosmetic products on the screen. When she exited the booth, she fell over a horizontal bar at the bottom right side of the booth. *Id*. The court of appeals reversed the trial court's grant of summary judgment to the storeowner. It explained its decision, quoting "Prosser and Keaton, Law of Torts (5 Ed.1984) 427, Section 61":

> In any case where the occupier as a reasonable person should anticipate an unreasonable risk of harm to the invitee notwithstanding his knowledge, warning, or the obvious nature of the condition, something more in the way of precautions may be required. This is true, for example, where there is reason to expect that the invitee's attention will be distracted, as by goods on display, or that after a lapse of time he may forget the existence of the condition, even though he has discovered it or been warned or where the condition is one which would not reasonably be

expected, and for some reason, such as an arm full of bundles, it may be anticipated that the visitor will not be looking for it.

*Armentrout*, at *2.

{¶28} In *McGuire v. Sear, Roebuck & Co.*, 118 Ohio App.3d 494, 693 N.E.2d 807 (1st Dist.1996), the court limited the holding of *Armentrout*. It stated that *Armentrout* should not be read so broadly as to apply to any and all displays that are customarily encountered in a retail setting. *Id.* at 498. Rather, the exception to the open and obvious doctrine applies only where the plaintiff offers evidence of particular circumstances rendering a particular display or area of display foreseeably unsafe. *Id.* Looking at the photographs presented as Civ.R. 56 evidence in favor of the non-moving party, we observe the lack of merchandise on the vertical portion of the standing fixture is not a distraction, but rather a non-distraction. The lack of merchandise could make the standing fixture to appear as a wall to a customer with an arm full of bundles walking down the checkout aisle. The lack of merchandise could be interpreted in this specific instance as an attendant circumstance; but instead of a distraction to the customer's eye, it is a non-distraction that would not alert a customer to expect the hazard of a one to two foot wide, one inch off the ground shelf in the checkout aisle. A pedestrian in a store is not required as a matter of law to constantly look downward. *Grossnickle v. Germantown*, 3 Ohio St.2d 96, 209 N.E.2d 442 (1965), paragraph two of syllabus.

{¶29} We find the particular circumstances of this case could cause reasonable minds to differ on whether the bottom shelf of the standing fixture was open and obvious and whether a reasonable person under the prevailing attendant circumstances would have expected and discovered the danger and taken precautions to avoid it.

{¶30} Mulcahy's sole Assignment of Error is sustained.

## CONCLUSION

{¶31} The judgment of the Delaware County Court of Common Pleas is reversed and the matter remanded to the trial court for further proceedings consistent with this opinion and law.

By: Delaney, J. and

Baldwin, .J., concur.

Wise, P.J., concurring separately.

*Wise, J., concurring*

{¶32}  I concur with the majority decision and write separately only to distinguish this writer's dissent in *Jacobsen v. Coon Restoration & Sealants, Inc.*, 5th Dist. Stark No. 2011-CA-00001, 2011-Ohio-3563, from the instant case.  In *Jacobsen*, I wrote that I would have affirmed the trial court's finding of an open and obvious condition and that no attendant circumstances existed in that case because attendant circumstances do not include the individual's own activity.  While again, like in *Jacobsen*, I find that the activity Appellant was engaged in did not create an attendant circumstance, in the instant case, unlike *Jacobsen*, I find that based on the specific facts in this case there exists a genuine issue of material fact as to whether the hazard was an open and obvious condition.