[Cite as *Rice v. Kroger*, 2020-Ohio-2654.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Mia Rice                                              Court of Appeals No. L-19-1175

    Appellant                              Trial Court No. CI0201802345

v.

Kroger - K016 Great Lakes KMA            **DECISION AND JUDGMENT**

    Appellee                                Decided:  April 24, 2020

* * * * *

Kimberly C. Kurek and Megan E. Burke, for appellant.

Sarah A. McHugh, for appellee.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Mia Rice, filed this accelerated appeal from the July 30, 2019 judgment of the Lucas County Court of Common Pleas granting summary judgment in favor of appellee, Kroger - K016 Great Lakes KMA (hereinafter "Kroger").  For the reasons which follow, we reverse.

{¶ 2} On May 15, 2016, appellant was injured while shopping as a business invitee at Kroger located in Lucas County when she tripped on a pallet next to a produce bin and fell.  She filed suit against Kroger alleging claims of negligence for failure to clear the shopping area or warn of the dangerous condition which caused her to fall.  Kroger moved for summary judgment, which was granted by the trial court.

{¶ 3} Appellant appeals and asserts the following single assignment of error:

THE TRIAL COURT ERRED BY GRANTING KROGER'S

MOTION FOR SUMMARY JUDGMENT

{¶ 4} In her sole assignment of error, appellant argues the trial court erred in granting summary judgment to Kroger.  Kroger asserted in its summary judgment motion that appellant could not establish that Kroger owed a duty to protect appellant because the danger in this case was open and obvious.  The trial court agreed finding a pallet positioned next to a produce bin and protruding into the aisle was objectively observable had the plaintiff been looking where she was walking and not holding a sales flyer directly in front of her while conversing with her boyfriend.  Because the court found the pallet was an open and obvious danger, it found Kroger was entitled to summary judgment as a matter of law.

{¶ 5} We review the ruling on a motion for summary judgment de novo.  *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d. 241 (1996).  The purpose behind summary judgment is to determine, by analyzing the evidence, whether a trial is needed to resolve the case.  *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64,

2.

66, 375 N.E.2d 46 (1978), citing Civ.R. 56(E). Summary judgment is appropriate when: (1) "there is no genuine issue as to any material fact," (2) "the moving party is entitled to judgment as a matter of law," and (3) "reasonable minds can come to but one conclusion," and "that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Id.*

{¶ 6} One prima facie element of a claim of negligence is that the defendant owed a duty to the plaintiff. *Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 2009-Ohio-2495, 909 N.E.2d 120, ¶ 10, citing *Robinson v. Bates*, 112 Ohio St.3d 17, 2006-Ohio-6362, 857 N.E.2d 1195, ¶ 21. (Additional citation omitted.) A landowner/occupier has no duty to protect a business invitee from static dangers which are open and obvious because the fact that the danger is open and obvious serves as a warning to the invitee and absolves the landowner/occupier of any duty to protect the plaintiff. *Lang* at ¶ 11; *Armstrong v. Best Buy Co.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, syllabus. "A hazard is considered to be open and obvious when it is in plain view and readily discoverable upon ordinary inspection." *Miller v. First Internatl. Fid. & Trust Bldg., Ltd.*, 6th Dist. Lucas No. L-08-1187, 2009-Ohio-6677, ¶ 68. When the danger existed prior to the time the plaintiff entered the area, it constitutes a static condition. *Lowe v. Local Union No. 14 U.A.W.*, 6th Dist. Lucas No. L-19-1042, 2020-Ohio-703, ¶ 35.

3.

**{¶ 7}** When the facts are undisputed, the determination of whether a condition on the premises is an open and obvious danger is generally a question of law for the court to determine, *Howard v. Meat City, Inc.*, 3d Dist. Allen No. 1-16-32, 2016-Ohio-7989, ¶ 12. Where the facts are disputed or reasonable minds could differ regarding whether the danger is open and obvious because of the attendant circumstances, the issue must be submitted to a jury for determination. Id.; *Ray v. Wal-Mart Stores, Inc.*, 4th Dist. Washington No. 08CA41, 2009-Ohio-4542, ¶ 29. Furthermore, we must consider whether a reasonable person would have seen the danger and not whether a particular plaintiff saw it. *Id*. at ¶ 21; *Breier v. Wal-Mart Stores, Inc.*, 6th Dist. Lucas No. L-08-1327, 2008-Ohio-6945, ¶ 11. The plaintiff's individual behavior is relevant only if it represents the typical and expected behavior of a reasonable business invitee, which should have caused the property owner to have considered whether a warning of the danger was necessary. *Mulcahy v. Best Buy Stores, LP*, 5th Dist. Delaware No. 13CAE060051, 2014-Ohio-1163, ¶ 25. While an invitee is expected to be aware of their surroundings and look down to avoid a danger, *Armstrong* at ¶ 16; *Breier* at ¶ 11; *Cole v. McCarthy Mgt., LLC*, 6th Dist. Lucas No. L-03-1020, 2003-Ohio-5181, ¶ 11, the open and obvious standard is not so strict so as to require a person to constantly be looking downward for dangers under all circumstances. *Grossnickle v. Village of Germantown*, 3 Ohio St.2d 96, 209 N.E.2d 442 (1965), paragraph two of syllabus.

**{¶ 8}** Attendant circumstances are any factors that would affect the degree of care an ordinary person would exercise in order to avoid an open and obvious danger. *Horner*

4.

*v. Jiffy Lube Internatl., Inc.*, 10th Dist. Franklin No. 01AP-1054, 2002-Ohio-2880, ¶ 24. The attendant circumstances are considered if they contributed to the fall, were created by the property owner and were outside of the invitee's control, and would have distracted a reasonable person. *Mulcahy* at ¶ 20. However, ordinary distractions from merchandise displays and signs do not excuse a business invitee from discovering open and obvious dangers. *Snyder v. Kings Sleep Shop, L.L.C.*, 6th Dist. Williams No. WM-13-006, 2014-Ohio-1003, ¶ 24.

{¶ 9} When considering whether the danger is open and obvious, the focus is on the ability of a reasonable person to perceive the danger under the circumstances, not on the actions of the individual plaintiff, which are considerations for determining proximate cause. *Armstrong* at ¶ 11, 13; *Cole* at ¶ 9 (the condition must be apparent enough to create an adequate warning). Furthermore, open and obvious exception requires that the business invitee must have some expectation of encountering the danger or have had a sufficient amount of time to perceive the danger before it was encountered in order to be able to take corrective action and avoid it. *Kraft v. Dolgencorp Inc.*, 7th Dist. Mahoning No. 06-MA-69, 2007-Ohio-4997, ¶ 35, 38.

{¶ 10} Regarding low-lying dangers, the Ohio Supreme Court has held that a permanent, low-lying guardrail at a store entrance was open and obvious, if the patron had been paying attention, because nothing obstructed his view of the danger. *Armstrong* at ¶ 16. However, falls due to temporary pallets or low-lying dangers can present a jury question as to whether the danger was open and obvious when the business invitee's view

5.

of the danger was temporarily obstructed by its location, other objects, or the attendant circumstances even if the danger was clearly visible after the fall.  *See Mulcahy* at ¶ 28-29 (jury question as to whether a bottom shelf of an empty standing fixture was an open and obvious danger); *Melroy v. Circle K Store*, 11th Dist. Portage No. 2012-P-0158, 2013-Ohio-2837, ¶ 18-20 (jury issue whether attendant circumstances distracted the patron from noticing a pallet protruded further into the walkway than the merchandise stored on top of it); *Bumgardner v. Wal-Mart Stores, Inc.*, 2d Dist. Miami No. 2002-CA-11, 2002-Ohio-6856, ¶ 26 (jury issue as to whether a pallet, located in an area were the patron would be changing direction and which was obscured by merchandise, was open and obvious); *Klauss v. Marc Glassman, Inc.*, 8th Dist. Cuyahoga No. 84799, 2005-Ohio-1306, ¶ 21 (jury question whether an empty pallet, located in cross aisle and flanked by a bench and a display, was open and obvious from the plaintiff's direction of travel); *Carpenter v. Marc Glassman, Inc.*, 124 Ohio App.3d 236, 240, 705 N.E.2d 1281 (8th Dist.1997) (jury question whether an empty display platform, located at the end of an aisle in the cross aisle, with a bench on one side and a display rack on the other side, was open and obvious); *Grudzinski v. Seaway Food Town, Inc.*, 6th Dist. Lucas No. L-95-392, 1996 WL 354890, *3 (June 28, 1996) (jury issue whether raised mats protruding from under a produce counter was an open and obvious danger where a post blocked the invitee's view).  *Compare Kohler v. Camp Runinmuck*, 6th Dist. Ottawa No. OT-19-016, 2019-Ohio-5276, ¶ 24 (reasonable minds could only conclude that a large cart encountered in a parking lot was an open and obvious danger); *Ankney v. Seaway*

6.

*Foodtown*, 6th Dist. Wood No. WD-90-55, 1991 WL 26666, *1 (Mar. 1, 1991) (no question of fact presented as to whether a pole was an open and obvious danger where a store patron ran into a pole because she was not looking in the direction she was traveling).

{¶ 11} The facts in this case are generally undisputed except for the color of the pallet and floor. Appellant, who is 4 foot 11 inches tall, testified at her deposition that when she entered Kroger in the late morning, she took a copy of the sale flyer while her boyfriend grabbed a cart. As they moved into the store, she was reading the flyer and conversing with her boyfriend who was slightly ahead of her on her left. When appellant came around the first bin, which was waist high and on her right, she tripped on something and fell and suffered injury. At the same time, she had been glancing at the flyer, which she was holding open in front of her with both hands. She denied that the sales flyer blocked her view of the pallet and asserted she could see the area with her peripheral vision. After the incident, she saw that she had tripped on a wooden pallet she had been unable to see because the produce bin obstructed her view from the direction she had been traveling. She described the pallet as an ordinary, unpainted wooden pallet approximately 5-6 inches high and the floor as a beige/white. Appellant did not see any employees near the pallet. She overheard an employee direct another employee to remove the empty pallets and he immediately removed the pallet which had caused her fall. Shortly after she left the store, she returned to notify management of her fall and injuries.

7.

{¶ 12} The manager of the Kroger store testified at his deposition there is no video surveillance of the produce department. When appellant told him of her fall, he walked over to the area. He did not see a pallet on the floor. He believed the pallet would have been painted blue on the edges (because all of their wood pallets have been painted for the prior 18-19 years) and the floor is a tannish grey. He testified the normal practice for the department is to have employees stage a cart filled with cardboard produce boxes near the pallet to warn patrons of the presence of the pallet and to place pallets between the aisles. Standard safety procedure did not allow an empty pallet to be left on the floor because it would be a safety hazard.

{¶ 13} In her sole assignment of error, appellant argues Kroger created the dangerous condition by leaving an empty pallet next to a produce bin without any warning. Furthermore, she argues that the determination of whether a hazard is an open and obvious danger is factually based and cannot be determined as a matter of law unless reasonable minds could only reach one conclusion. In this case, appellant argues the facts show the empty pallet was not an open and obvious danger because its position next to the produce bin obstructed her view until she turned to walk around the produce bin. Secondly, appellant argues the attendant circumstances surrounding her fall negate application of the open and obvious defense: the pallet was obstructed from view until she was changing direction to travel around the bin and the pallet was empty and a similar color to the floor. We note these factors are not the typical type of "attendant circumstances" as the term is normally used. These factors did not distract appellant so

8.

that she could not appreciate the danger. Rather, these are the facts from which we must determine whether a reasonable person would have found the pallet was an open and obvious danger.

{¶ 14} Kroger argues the presence of a large pallet in the produce area was a foreseeable condition and was open and obvious to a reasonable patron who was aware of her surroundings. Furthermore, it asserts appellant did not exercise ordinary care as she negotiated the produce department because she was unaware of her surroundings as she moved while reading the sales flyer. Relying on her peripheral vision was insufficient to appreciate danger directly in front of her. Kroger also argues that even if the pallet was not an open and obvious danger, it is still entitled to summary judgment because appellant has failed to prove Kroger breached its duty of care.

{¶ 15} Upon a review of these facts, we find reasonable minds could differ regarding whether the danger in this case was open and obvious. While a working pallet in a produce department is reasonably to be expected, reasonable minds could disagree whether an empty pallet located next to a produce bin would be hidden from view until a patron was nearly upon it and whether it was readily apparent to a reasonable patron in the process of shopping who was traveling in the same direction as appellant. The trial court erroneously took into consideration appellant's actions at the time, reading a sales flyer as she was shopping, which is not relevant to the issue of whether the element of duty was established. Therefore, we find summary judgment was inappropriate and we find appellant's sole assignment of error well-taken.

9.

**{¶ 16}** Kroger asserts we should also consider whether it breached its duty of care. This issue, however, was never asserted below and will not be considered for the first time on appeal. *State v. Wintermeyer*, Slip Opinion No. 2017-1135, 2019-Ohio-5156, ¶ 10.

**{¶ 17}** Having found that the trial court committed error prejudicial to appellant and that substantial justice has not been done, the judgment of the Lucas County Court of Common Pleas is reversed and remanded for proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Arlene Singer, J.

Christine E. Mayle, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.